

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0002-10

**THE STATE OF TEXAS**

**v.**

**KENTON JERROD RHINEHART, Appellee**

**ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

HERVEY, J., delivered the opinion of the Court in which MEYERS, JOHNSON, KEASLER and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion. PRICE, J., filed a dissenting opinion in which WOMACK, J., joined.

## O P I N I O N

We granted discretionary review in this case to address, among other things, whether a criminal district court may set aside a juvenile court's order waiving its jurisdiction and transferring the case to the criminal district court under Section 54.02 of the Family Code (ground three of appellee's discretionary-review petition). However, with the criminal district court not having set aside the juvenile court's transfer order, we decide that this issue is not presented in this case, and we, therefore, decline to address it. We do find it necessary to sustain another ground for review

(ground one) in appellee's discretionary-review petition, thus requiring this Court to reverse the judgment of the court of appeals.

Appellee was born on April 13, 1989. He was charged in juvenile court with an aggravated robbery that was committed on February 28, 2006, forty-four days before appellee's seventeenth birthday. On April 16, 2007, three days after appellee's eighteenth birthday, the State filed a petition in the juvenile court to transfer appellee's case to a criminal district court where appellee would be tried as an adult. Appellee claimed at an April 30, 2007 transfer hearing that the juvenile court should deny this petition because the State did not use due diligence in proceeding with his case in juvenile court before appellee's eighteenth birthday.[1] The State claimed at this hearing that it had used due diligence. On May 2, 2007, the juvenile court signed an order waiving its jurisdiction and transferring appellee to criminal district court, after which appellee was indicted for aggravated robbery.[2]

---

[1] *See, e.g., Matter of J.C.C.*, 952 S.W.2d 47, 49-50 (Tex.App.–San Antonio 1997, no writ) (juvenile court abused its discretion in certifying J.C.C. as an adult and transferring the case to the district court because the State failed to show due diligence "in not prosecuting him in [juvenile court] before his eighteenth birthday").

[2] The State presented three witnesses, and appellee presented one witness at the April 30, 2007 transfer hearing in the juvenile court. The evidence presented at this hearing shows that the police developed appellee as a suspect in the aggravated robbery on June 27, 2006 (about four months after it was committed). The aggravated-robbery case was filed in the juvenile court on July 26, 2006. Appellee was not arrested for this offense until April 6, 2007. The State seemed to take the position at the April 30th transfer hearing that it was not able to locate appellee until his arrest on April 6th even though during this period of time appellee had been in and out of jail on several occasions on various other criminal charges that had been filed against him in adult criminal court. In its May 2, 2007 order, waiving its jurisdiction and transferring appellee to the criminal court, the juvenile court made a finding that "it was not practicable to proceed in Juvenile Court before the eighteenth birthday of [appellee] because [appellee] could not be found." *See* § 54.02(j)(4)(B)(ii), TEX. FAM. CODE (juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if, among other things,

Appellee raised the due-diligence issue again in the criminal district court in a motion that he labeled a "MOTION TO QUASH INDICTMENT." Attached to this motion was a proposed order indicating that the motion was either "Granted" or "Denied." The criminal district court held a hearing on this motion, during which the parties relitigated the due-diligence issue that had been litigated in the juvenile court. The State's only argument at the hearing in the criminal district court was that it had used due diligence. Appellee relied on six exhibits that covered matters that were covered at the transfer hearing in the juvenile court. One of these exhibits (Defendant's Exhibit 5) is the reporter's record of the transfer hearing in the juvenile court. The criminal district court "Granted" appellee's "MOTION TO QUASH INDICTMENT."

The State appealed to the court of appeals, claiming for the first time on appeal that: (1) the criminal court was without jurisdiction to review "the evidence underlying the juvenile court's decision to transfer this case" because appellee "had no statutory right to **appeal** the sufficiency of the evidence in the juvenile court's transfer proceedings prior to being finally convicted in the criminal district court"[3] (emphasis supplied), and (2) the criminal district court erred to grant appellee's motion to quash the indictment on a ground not authorized by law because the sufficiency of the evidence supporting a juvenile court's order to transfer a case to criminal district court is not a valid ground for granting a motion to quash an indictment as a matter of statutory law. Appellee

the juvenile court finds from a preponderance of the evidence that "after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because the person could not be found").

[3]    *See* Article 44.47(b), TEX. CODE CRIM. PROC. (defendant may appeal a transfer under Section 54.02 of the Family Code "only in conjunction with the appeal of a conviction of . . . the offense for which the defendant was transferred to criminal court").

responded by arguing, among other things, that the State had waived these issues by failing to raise them in the criminal district court[4] and that he did not "appeal" but only "challenged" the juvenile court's transfer order (as opposed to the indictment) in the criminal district court.

The court of appeals sustained the State's second issue, found it unnecessary to address its first issue, reversed the criminal district court's order quashing the indictment, and remanded the case to the criminal district court for further proceedings consistent with its opinion.[5] The court of appeals further stated that "issues relating to the [juvenile-court] transfer proceedings are properly raised in an appeal from a conviction after transfer." *See Rhinehart*, slip op. at 4. It also stated:

> Appellee acknowledges that a party may only appeal a transfer order in conjunction with a conviction or an order of deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. Art. 44.47(b) (Vernon 2006). Nonetheless, appellee contends that an "appeal" differs from a "challenge," and insists the statute does not restrict a defendant's rights to challenge a transfer order. Although we note that the construction appellee seeks to advance would effectively allow a defendant two bites at the proverbial apple, we need not decide the issue here. Appellee's motion did not seek to set aside the transfer order; it sought to quash the indictment. Moreover, even if the statute afforded different treatment for a "challenge" than an "appeal," the distinction is

---

[4]

Appellee argued that the State, as the losing party in the criminal district court, could not present new theories on appeal for reversing the criminal district court's decision. *See Hailey v. State*, 87 S.W.3d 118, 121-22 (Tex.Cr.App. 2009) (ordinary notions of procedural default generally prohibit an appellate court from reversing a trial court's decision on a theory not presented to the trial court); *State v. Mercado*, 972 S.W.2d 75, 77-78 (Tex.Cr.App. 1998).

[5]

*See State v. Rhinehart*, No. 05-09-00155-CR, slip op. at 3-4 (Tex.App.–Dallas, delivered October 12, 2009) (not designated for publication) (appellee's "MOTION TO QUASH INDICTMENT" did not assert any of the statutory grounds in Articles 27.03, 27.08 and 27.09, TEX. CODE CRIM. PROC. for setting aside an indictment; instead, "the motion asserted that the indictment should be quashed because the elements requisite to transfer a case from juvenile court to district court had not been met") and slip op. at 5 ("Because there is nothing before us to demonstrate that the indictment was not valid, we conclude the trial court erred in quashing the indictment. The State's second issue is sustained. Our resolution of this issue obviates the need to address the State's first issue. We reverse the trial court's order and remand the case for further proceedings consistent with this opinion."). (Citation to authority omitted).

without a difference in the present case. Appellee's motion concerned the sufficiency of the evidence in the transfer proceeding. And in the absence of a conviction or other order of deferred adjudication, we have no jurisdiction to determine the propriety of a transfer. *See* TEX. CODE CRIM. PROC. ANN. Art. 44.47(b) (Vernon 2006).

*See Rhinehart*, slip op. at 5.

We granted appellee's discretionary-review petition to review the court of appeals's decision.

The grounds upon which we granted review are:

1. The court of appeals erred in failing to address the "waiver" issue.

2. The court of appeals erred in re-framing the issue and failing to address the true issue at hand, namely: whether the *Criminal District Court* had the authority to set aside the transfer order.

3. The [court of appeals] erred in implicitly ruling that the trial court lacked the authority to set aside the transfer order.

(Emphasis in original).

Appellee asserts that the criminal district court "set aside the transfer order because the State failed to proceed in the juvenile court with due diligence before Rhinehart's eighteenth birthday" and that the "issue in this case is whether the [criminal district] court had the judicial authority to set aside a transfer order." And, in support of his second ground for review, appellee argues, "Some of the confusion in this case apparently has resulted from the fact that Rhinehart mislabeled the motion as being a 'Motion to Quash Indictment.' The motion was, in fact, a motion challenging the validity of the transfer order. A review of the contents of the motion itself and the arguments made during the pre-trial hearing clearly established that fact."

Though the record does reflect that the basis of appellee's "MOTION TO QUASH INDICTMENT" was the validity of the juvenile court's transfer order, we must disagree with

appellee that the effect of the criminal district court granting this motion to quash was to set aside the transfer order. Appellee's motion requested that the indictment be quashed, not that the transfer order be set aside.[6] On the record presented to the court of appeals, the procedural posture of this case was that the juvenile court's transfer order was still in force and that, in granting appellee's "MOTION TO QUASH INDICTMENT," the criminal district court had merely set aside the indictment. *See State v. Eaves*, 800 S.W.2d 220, 221-22 n.5 (Tex.Cr.App. 1990) ("quash" and "set aside" are synonymous).[7] We, therefore, disagree with the claim in appellee's second ground for review that the court of appeals re-framed the issue and failed to address the true issue, namely: whether the criminal district court "had the authority to set aside the transfer order." This issue is not presented in this case since the criminal district court did not set aside the juvenile court's transfer order, and the court of appeals would have erred even to address this issue.

We also understand appellee to argue that a juvenile court's erroneous transfer order does not divest the juvenile court of its exclusive jurisdiction over the case, thus permitting the criminal district court to review the validity of the transfer order to determine whether it has jurisdiction over

---

[6] The relief requested in the prayer in appellee's motion was that "upon hearing and presentation of evidence that the **indictment** in this cause be quashed and held for naught." (Emphasis supplied).

[7] Under these circumstances, the State can obtain another indictment against appellee. *See* Article 28.05, TEX. CODE CRIM. PROC. (if a motion to set aside an indictment is sustained, "the defendant shall not therefor be discharged, but may immediately be recommitted by order of the court, upon motion of the State's attorney or without motion; and proceedings may afterward be had against him as if no prosecution had ever been commenced"); Article 28.08, TEX. CODE CRIM. PROC. (if a motion to set aside an indictment is sustained, "but the court refuses to discharge the defendant, then at the expiration of ten days from the order sustaining such motion[]," the defendant shall be discharged, "unless in the meanwhile complaint has been made before a magistrate charging him with an offense, or unless another indictment has been presented against him for such offense").

the case. Appellee argues, "Accordingly, Rhinehart would urge that, without a valid transfer proceeding, the [criminal district] court would not have acquired jurisdiction. Consequently, the validity of the transfer order is and must be subject to judicial review in the [criminal district] court." We do not believe that the criminal district court's quashing of appellee's indictment, based on the State's lack of "due diligence," is necessarily a determination by the criminal district court that it lacks jurisdiction over the case. In addition, the legislative provision in Article 44.47(b) that a defendant may appeal a juvenile court's transfer order "only in conjunction with the appeal of a conviction . . . for which the defendant was transferred to criminal court" is some indication that a juvenile court's erroneous transfer order does not divest the criminal district court of jurisdiction over the case. We do not believe that the issue of whether the criminal district court could set aside the juvenile court's transfer order would be presented in this case unless the criminal district court set aside the transfer order and attempted to remand the case to the juvenile court.

Judge Price's dissenting opinion would decide that "the trial court *necessarily* ruled that the [juvenile court's] transfer order was invalid and that the lack of a valid transfer order deprived it of jurisdiction over the matter." *See* Dissenting op. at 2 (Price, J.) (emphasis in original). This dissenting opinion would then remand the case to the court of appeals to consider, "in the first instance: 1) whether the trial court had the authority to make such an implicit ruling on the validity of the transfer order; and/or, in the event that it should find that the trial court *did* have that authority (or, possibly, as an alternative to deciding *whether* the trial court had that authority), then 2) whether the State procedurally defaulted any complaint about the trial court's authority by failing specifically to question its authority during the proceedings at the motion to quash hearing." *See* Dissenting op. at 4-5 (Price, J.) (emphasis in original).

There would, however, be no point in doing this unless the Court were also to decide that, in quashing the indictment, the criminal district court also implicitly or necessarily set aside the juvenile court's transfer order.[8] The juvenile court and the parties would, thus, have to read at least two implicit or necessarily implied rulings in the criminal district court's order granting appellee's motion to quash to learn that the juvenile court had jurisdiction over the case again.

And, it is not so clear to us that, in granting appellee's motion to quash, the criminal district court implicitly or even necessarily ruled that the juvenile court's ruling on the due-diligence issue deprived the criminal district court "of jurisdiction over the matter." It is not apparent to us that a juvenile court's erroneous ruling on a due-diligence issue deprives the criminal district court "of jurisdiction over the matter." *See, e.g.*, Article 44.47(b) (defendant may appeal a transfer under Section 54.02 of the Family Code "only in conjunction with the appeal of a conviction of . . . the offense for which the defendant was transferred to criminal court").

In addition, even if one could read these implicit rulings into the criminal district court's granting of appellee's motion to quash, this motion to quash still requested only that the indictment be quashed. Notwithstanding what the criminal district court may have implicitly decided, appellee's motion to quash may not have been clear and specific enough to put the State on notice that appellee might also have been seeking to set aside the juvenile court's transfer order so that the State would

---

[8] The dissenting opinion states that "our original purpose in granting the appellee's petition for discretionary review was to address the trial court's authority to declare . . . the [juvenile court's] transfer order invalid . . . ." *See* Dissenting op. at 3-4 (Price, J.). However, we granted discretionary review on the related but nevertheless different question of whether the court of appeals "erred in implicitly ruling that the trial court lacked the authority to set aside the transfer order." We have declined to address this question since the criminal district court did not set aside the juvenile court's transfer order based on its ruling on the due-diligence question.

have an opportunity to challenge the criminal district court's authority to do this. The dissenting opinion apparently would leave open the possibility that the State procedurally defaulted this issue on appeal even though appellee's motion to quash may not have been specific enough to put the State on notice that it needed to raise this issue in the criminal district court.

At least in this case, we believe that appellee should have labeled his motion something other than a motion to quash (e.g., a motion to set aside the juvenile court's transfer order) if his intention was, as he claimed on appeal, to challenge the validity of the transfer order. Appellee has even acknowledged in this proceeding that "[s]ome of the confusion in this case apparently has resulted from the fact that Rhinehart mislabeled the motion as being a 'Motion to Quash Indictment.'" In this particular case, we believe it appropriate to put appellee back in the position that he was in after the juvenile court waived its jurisdiction and transferred his case to the criminal district court and before appellee filed his mislabeled motion to quash that may have confused the other party on exactly what it was that appellee was attempting to accomplish. Appellee's second ground for review is overruled.[9]

This also means that, with the criminal district court having only set aside the indictment, which it clearly had the subject-matter jurisdiction and authority to do, the State, as the losing party in the trial court, failed to preserve the claims that it presented for the first time on appeal in the court of appeals. *Compare Sanchez v. State*, 120 S.W.3d 359, 366-67 (Tex.Cr.App. 2003) (right to be charged by an instrument that is free of defects, errors, and omissions is neither a "systemic"

---

[9] Our disposition of appellee's second ground for review makes it unnecessary to address appellee's third ground for review, which we dismiss. We express no opinion on the question presented in ground three: whether the court of appeals erred in implicitly deciding that the criminal district court "lacked the authority to set aside the [juvenile court's] transfer order."

requirement nor a "waivable" right, and any error in the charging instrument must be objected to in a timely and specific manner); *Hailey*, 87 S.W.3d at 121-22; *State v. Boado*, 55 S.W.3d 621, 622-24 (Tex.Cr.App. 2001) (Johnson, J., dissenting to dismissing discretionary-review petition as improvidently granted) (court of appeals should not have reversed trial court's decision quashing indictment on theory not raised by the State in either the trial court or on appeal). The court of appeals, therefore, erred in not considering and sustaining appellee's waiver argument. *See Kombudo v. State*, 171 S.W.3d 888, 889 (Tex.Cr.App. 2005) (Tex. R. App. P. 47.1 "requires a court of appeals to address an appellee's reply that the appellant's point was not preserved for review").[10]

In arguing that the State, as the losing party in the criminal district court, should be permitted to argue for the first time on appeal that there was no valid basis for the criminal district court to have quashed the indictment, Presiding Judge Keller's dissenting opinion relies on this Court's prior decisions holding that the State can usually raise the issue of a defendant's standing to challenge a search or a seizure on Fourth Amendment grounds for the first time on appeal. *See* Dissenting op. at 2 (Keller, P.J.) (*citing State v. Klima*, 934 S.W.2d 109, 111 (Tex.Cr.App. 1996)); *see generally Wilson v. State*, 692 S.W.2d 661, 666-71 (Tex.Cr.App. 1984) (op. on reh'g) (discussing when State may raise issue of standing for the first time on appeal).[11] We do not believe that these cases apply

---

[10]

We also express no opinion on whether the court of appeals correctly decided that the criminal district court erroneously granted appellee's motion to quash the indictment. *See generally State v. Rosenbaum*, 910 S.W.2d 934, 942-48 (opinion of Clinton, J.), *adopted by the Court*, 910 S.W.2d at 948 (opinion on reh'g) (Tex.Cr.App. 1995) ("An indictment must be facially tested by itself under the law as a pleading; it can neither be supported nor defeated as such by what evidence is presented at trial. . . . *A fortiori*, it can not be supported or defeated by evidence presented at pretrial."); *Eaves*, 800 S.W.2d at 221-23.

[11]

We disagree with the statement in this dissenting opinion that our majority opinion holds that there was no valid basis for quashing the indictment. *See* Dissenting op. at 1 (Keller, P.J.) (noting

here since there is no question that appellee has standing to quash the indictment in this case. There is no claim in this case that appellee attempted to quash an indictment charging someone else with aggravated robbery. Nor does the dissent point to any case law that equates allowing the State to raise standing for the first time on appeal to allowing the State to ignore ordinary rules for preserving error.

In addition, our decisions in *Klima* and *Wilson* primarily relied on the Supreme Court's decision in *Rakas v. Illinois*[12] for the proposition that the State can usually raise the issue of a defendant's standing to challenge a search or seizure on Fourth Amendment grounds for the first time on appeal.[13] We do note, however, that the prosecution in *Rakas* did raise the standing issue in the trial court which, the Supreme Court stated, "gave petitioners notice that they were put to their

---

that the "Court appears to agree" that the trial court should not have granted appellee's motion to quash because there was nothing to indicate that the indictment was invalid); and at 2 (stating, "In this case, as the Court holds, there was no valid basis for quashing the indictment."). We have expressed no opinion on this issue.

[12]

439 U.S. 128 (1979).

[13]

The rationale for this rule is that standing is an element of the defendant's Fourth Amendment claim and thus the defendant "cannot complain that he is surprised on appeal by final decision (here) of issues upon which (he has) had no opportunity to introduce evidence." *See United States v. Hansen*, 652 F.2d 1374, 1381-82 (10th Cir. 1981) (internal quotes omitted). This rule, however, is not absolute. *See Steagald v. United States*, 451 U.S. 204, 209-11 (1981) (government "through its assertions, concessions, and acquiescence" lost right to challenge defendant's assertion that he possessed legitimate expectation of privacy in the searched home). Our decision on rehearing in *Wilson*, upon which our decision in *Klima* heavily relied, also pointed out that "the prosecution may forfeit review of the [standing] issue through its assertions, concessions, and acquiescence in the course of the litigation." *See Wilson*, 692 S.W.2d at 668 (op. on reh'g) (internal quotes omitted). That arguably happened in this case when the State claimed at the hearing on appellee's motion to quash only that it had used due diligence. *See id.*

proof on any issue as to which they had the burden . . . ." *See Rakas*, 439 U.S. at 132 n.1.[14] *Rakas*, therefore, would not clearly support a decision here that the State should be permitted to argue for the first time on appeal that there was no valid basis for the criminal district court to have quashed the indictment.

We also do not agree with the broad assertion in the Presiding Judge's dissenting opinion that "the State need not preserve a complaint if the issue is one which the defendant had the burden to prove in order to obtain relief." In *State v. Steelman*, for example, the State was not permitted to raise for the first time on appeal a claim that a search was valid pursuant to a warrant even though the defendant had the burden on the motion to suppress. *See State v. Steelman*, 93 S.W.3d 102, 107 (Tex.Cr.App. 2002) ("At the suppression hearing, the State specifically limited its argument to one theory of law: that there was probable cause to justify a *warrantless* arrest and *warrantless* search. Because the State did not present its other theory (that even if the warrantless arrest was illegal, it did not taint the search pursuant to the warrant) to the trial court, the State cannot rely on that theory on appeal.") (emphasis in original).

This dissenting opinion claims that we misread *Steelman* because "it was the State that had the burden to prove the propriety of the *warrantless* police activity in that case." *See* Dissenting op. at 3-4 (Keller, P.J.) (emphasis supplied). There is no disagreement or misunderstanding as to when the burden shifts on a motion to suppress. The point is that, in *Steelman*, the State was not permitted to raise for the first time on appeal the theory that the search was justified pursuant to a warrant, an

---

14

*Compare State v. Terrazas*, 4 S.W.3d 720, 725 (Tex.Cr.App. 1999) (prosecution not put to its burden to prove voluntariness unless a defendant presents evidence that raises a voluntariness question).

issue upon which the defendant had the initial burden of production.[15] And the crucial focus is on the losing party's requirement to preserve error for purposes of appeal.

To summarize, in this case, we apply ordinary rules of procedural default to decide that the State, as the losing party in the criminal district court, could not raise for the first time on appeal a claim that there was no valid basis for the criminal district court to have quashed the indictment. We decline to apply, in this case, the Fourth Amendment standing rule of *Rakas* which, in any event, does not clearly support the proposition that the State should be permitted to raise this claim for the first time on appeal, particularly since the State chose to litigate only the due-diligence issue in the criminal district court thus, in effect, conceding that this might be a valid basis for quashing the indictment.[16] *See Steagald*, 451 U.S. at 209-11. Appellee's first ground for review is sustained.

We reverse the judgment of the court of appeals and affirm the criminal district court's ruling

---

[15] *See Steelman*, 93 S.W.3d at 106-07; *see also Ford v. State*, 158 S.W.3d 488, 492 (Tex.Cr.App. 2005) ("To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. Once the defendant has made this showing, the burden of proof shifts to the State where it is required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.") (footnotes omitted); *Russell v. State*, 717 S.W.2d 7, 9-10 (Tex.Cr.App. 1986) ("When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, this Court has placed the burden of proof initially upon the defendant. As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. Once a defendant has established 1) that a search or seizure occurred and 2) that no warrant was obtained, the burden of proof shifts to the State. If the State produces evidence of a warrant, the burden of proof is shifted back to the defendant to show the invalidity of the warrant. If the State is unable to produce evidence of a warrant, then it must prove the reasonableness of the search or seizure.") (footnotes and citation to authorities omitted).

[16] Our decision in this case should not be read to mean that the State could not at a later time claim that any defect in this transfer order is not a valid basis for granting a motion to quash.

quashing the indictment.[17]

Hervey, J.

Delivered: March 9, 2011
Publish

---

[17] If the State chooses, it may reindict.