**Opinion issued August 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-00627-CR

_____

## EX PARTE YEKATERINA TANKLEVSKAYA, Applicant

---

**On Appeal from the County Criminal Court at Law Number 11**
**Harris County, Texas**
**Trial Court Case No. 1686832**

---

## MEMORANDUM OPINION ON REMAND FROM
## THE COURT OF CRIMINAL APPEALS

In 2009, applicant, Yekaterina Tanklevskaya, pleaded guilty to the Class B

misdemeanor offense of possession of less than two ounces of marijuana, and the

trial court assessed punishment at four days' confinement in the Harris County Jail

and a six-month suspension of applicant's driver's license.[1]  Applicant did not appeal her conviction.  Applicant, a permanent legal resident, then left the country to visit relatives.  She was detained by Immigration and Naturalization Services officials upon her return.  In 2010, shortly after the United States Supreme Court decided *Padilla v. Kentucky*, applicant filed a petition for writ of habeas corpus, arguing that her trial counsel had rendered ineffective assistance when he failed to inform her of the specific adverse immigration consequences of her guilty plea, namely, that when she returned from her planned trip abroad she would be inadmissible and subject to removal proceedings.  The trial court denied habeas corpus relief.

We originally reversed the judgment of the trial court and held, among other things, that *Padilla v. Kentucky* should be applied retroactively.  *See Ex parte Tanklevskaya*, 361 S.W.3d 86, 95 (Tex. App.—Houston [1st Dist.] 2011) ("*Tanklevskaya I*"), *vacated*, 393 S.W.3d 787 (Tex. Crim. App. 2013) (per curiam). The United States Supreme Court subsequently held, in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), that *Padilla* does not apply retroactively to cases on collateral review, and the Court of Criminal Appeals adopted this holding in *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013).  The Court of Criminal Appeals then vacated our judgment in *Tanklevskaya I* and remanded the

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (Vernon 2010).

case for us to consider whether the trial court properly denied habeas corpus relief in light of *De Los Reyes*. *See Ex parte Tanklevskaya*, 393 S.W.3d 787 (Tex. Crim. App. 2013) (per curiam) ("*Tanklevskaya II*").

We affirm.

## Background

In April 2009, applicant was charged with the misdemeanor offense of possession of less than two ounces of marijuana. *Tanklevskaya I*, 361 S.W.3d at 89. On the advice of her plea counsel, applicant pleaded guilty to the offense. *Id.* The trial court accepted the guilty plea and assessed punishment at four days' confinement in the Harris County Jail and a six-month suspension of applicant's driver's license. *Id.* Applicant did not appeal her conviction. *Id.* Shortly after her guilty plea, applicant traveled to Germany to visit her father. *Id.* Upon her return, immigration officials detained applicant in Memphis, confiscated her permanent resident card, and allowed her to return to Houston pending the initiation of removal proceedings. *Id.* Immigration officials subsequently initiated removal proceedings against applicant on the basis that her conviction rendered her "inadmissible" to the United States. *See* 8 U.S.C.S. § 1182(a)(2)(A)(i)(II) (2008) (stating that alien convicted of violating any state law relating to controlled substances is inadmissible).

On May 27, 2010, applicant filed a habeas corpus petition in the trial court, alleging that her guilty plea was involuntary because her plea counsel rendered ineffective assistance when he did not advise her of the specific immigration consequences of her guilty plea, as required by the Supreme Court's decision in *Padilla*. *See* 559 U.S. 356, 130 S. Ct. 1473 (2010). At the hearing on applicant's habeas petition, the parties stipulated that plea counsel informed applicant of the "general immigration consequences to a guilty plea, but he did not specifically tell her that, upon leaving and attempting to return to the United States, she would be presumptively inadmissible." *Tanklevskaya I*, 361 S.W.3d at 90. Applicant testified that, had she known that she would be presumptively inadmissible upon returning to the United States, she "would [not] have accepted the plea as [she] did." *Id.* at 90–91. The trial court denied habeas corpus relief. *Id.* at 91.

We initially determined that *Padilla* should be applied retroactively to cases on collateral review, that applicant's inadmissibility upon returning to the United States was "presumptively mandatory," and that this adverse immigration consequence was clear "from reading the inadmissibility and removal statutes." *Id.* at 95, 97. We ultimately held that applicant established that her plea counsel rendered ineffective assistance, and we granted habeas corpus relief. *Id.* at 99.

The State then filed a petition for discretionary review. While that petition was pending before the Court of Criminal Appeals, the United States Supreme

Court decided *Chaidez* in February 2013 and held that *Padilla* should not be applied retroactively to cases on collateral review. 133 S. Ct. at 1111, 1113. The Court of Criminal Appeals adopted this holding in *De Los Reyes*. 392 S.W.3d at 679. That same day, the Court of Criminal Appeals vacated our judgment in *Tanklevskaya I* and remanded the case to us to consider in light of *Chaidez* and *De Los Reyes*. *See Tanklevskaya II*, 393 S.W.3d at 787.

### Retroactivity of *Padilla v. Kentucky*

In her habeas corpus petition, applicant sought relief from her prior conviction on the sole basis that, pursuant to *Padilla*, her plea counsel rendered ineffective assistance when he did not inform her of the specific adverse immigration consequences of her guilty plea, namely, that her conviction for possession of less than two ounces of marijuana made her presumptively inadmissible and subject to removal from the United States. *See* 8 U.S.C.S. § 1182(a)(2)(A)(i)(II).

In *Padilla*, the Supreme Court noted that deportation is "uniquely difficult to classify as either a direct or a collateral consequence" of a criminal conviction and that "[t]he collateral versus direct distinction is thus ill-suited to evaluating a *Strickland* [*v. Washington*][2] claim concerning the specific risk of deportation."

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), sets out the general standard of proof for ineffective assistance of counsel claims in a criminal case.

130 S. Ct. at 1482. The Court concluded that professional advice concerning deportation "is not categorically removed from the ambit of the Sixth Amendment right to counsel," and, therefore, *Strickland* applied to Padilla's claim for relief. *Id.* The Supreme Court ultimately held in *Padilla* that trial counsel must inform his client whether his plea carries a risk of deportation. *See id.* at 1486.

The Court did not address the question of whether its holding in *Padilla* applied retroactively, such that defendants whose convictions were already final at the time it issued its opinion could seek relief on this basis in a collateral proceeding. The Supreme Court settled this question in *Chaidez*. 133 S. Ct. at 1113; *see also De Los Reyes*, 392 S.W.3d at 678–79 (applying *Chaidez*); *Ibarra v. State*, No. 01-12-00292-CR, 2013 WL 1163967, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (same).

In *Chaidez*, the Supreme Court noted that, under its prior decision in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989), the question of whether its criminal procedure decisions are retroactive "turn[s] on whether they are novel." 133 S. Ct. at 1107. When the Court announces a "new rule," a person whose conviction is already final may not benefit from application of that rule in a collateral proceeding. *Id.* A case announces a new rule "when it breaks new ground or imposes a new obligation," such that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (quoting *Teague*,

6

489 U.S. at 301, 109 S. Ct. at 1070) (emphasis in original). A holding is not so dictated "unless it would have been 'apparent to all reasonable jurists.'" *Id.* (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527–28, 117 S. Ct. 1517, 1525 (1997)). On the other hand, a case does not announce a new rule "[when] it '[is] merely an application of the principle that governed' a prior decision to a different set of facts." *Id.* (quoting *Teague*, 489 U.S. at 307, 109 S. Ct. at 1073).

The Supreme Court explained in *Chaidez* that *Padilla* was more than just an application to a new set of facts of *Strickland*'s general test for determining whether trial counsel was constitutionally ineffective. *Id.* at 1108. In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), the Court had "explicitly left open" the question of whether trial counsel's "advice concerning a collateral consequence must satisfy Sixth Amendment requirements." *Id.* In *Padilla*, the Court "answered a question about the Sixth Amendment's reach that [it] had left open," and, thus, no precedent of the Supreme Court dictated *Padilla*'s specific conclusion rejecting the "categorical approach" to collateral consequences and holding that trial counsel has an obligation to inform his clients of the risk of adverse immigration consequences. *Id.* at 1110–11; *see also De Los Reyes*, 392 S.W.3d at 679 ("[W]hen the Supreme Court handed down *Padilla* . . . . [I]t broke new ground and imposed a new obligation."). The Court thus announced a "new rule" in *Padilla*, and "defendants whose convictions became final prior to *Padilla* therefore cannot

7

benefit from its holding." *Chaidez*, 133 S. Ct. at 1111, 1113; *Ibarra*, 2013 WL 1163967, at \*2 ("Because *Padilla* announced a 'new rule,' it is not retroactive and appellant may not now avail himself of the decision on collateral review."). In *De Los Reyes*, the Court of Criminal Appeals noted that it had the ability to "accord retroactive effect to *Padilla* as a matter of state habeas law." 392 S.W.3d at 679 (citing *Danforth v. Minnesota*, 552 U.S. 264, 275, 128 S. Ct. 1029, 1038 (2008)). The court declined to do so, however, and instead decided to follow *Chaidez*'s holding that *Padilla* does not apply retroactively.

Here, applicant pleaded guilty in 2009 to the offense of possession of less than two ounces of marijuana, and she did not appeal her conviction. This conviction thus became final before the Supreme Court decided *Padilla*. Because *Padilla* does not apply retroactively, applicant cannot rely on *Padilla* in a collateral proceeding to argue that her plea counsel rendered ineffective assistance. *See Chaidez*, 133 S. Ct. at 1113 ("Under *Teague*, defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."); *De Los Reyes*, 392 S.W.3d at 679 ("Applicant may not rely on *Padilla* in arguing that he was denied effective assistance of counsel."); *Ibarra*, 2013 WL 1163967, at \*3 (stating that "appellant may not raise a *Padilla* issue by way of a collateral attack on the judgment").

In her reply brief filed before original submission, applicant argued that the State waived the issue of *Padilla*'s retroactive effect because it did not argue that before the trial court as a basis for denying habeas corpus relief but instead raised it for the first time on appeal. We disagree.

General rules of error preservation state that the complaining party must preserve error in the trial court by bringing the complaint to the trial court's attention at a time when the trial court can correct the error. *See, e.g.*, *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). This is a burden placed upon the "losing" party in the trial court, which, in this case, is applicant. *See State v. Rhinehart*, 333 S.W.3d 154, 160 (Tex. Crim. App. 2011) ("[T]he State, as the losing party in the trial court, failed to preserve the claims that it presented for the first time on appeal in the court of appeals."). In this situation, the State, the "winning" party in the trial court, had no such burden to present its argument to the trial court that *Padilla* should not be applied retroactively. *See Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009) ("[T]he State won in the trial court, and 'ordinary notions of procedural default' did not prevent it from raising the invited error claim on appeal as a basis to affirm the trial court's ruling denying appellant's suppression motion.") (quoting *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002)).

Applicant points to no authority holding otherwise. Indeed, Texas courts have repeatedly held that a trial court's decision should be upheld if it is correct on any theory of law applicable to the case and supported by the record. *See, e.g.*, *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (stating that appellate court will not disturb trial court's evidentiary ruling if ruling is correct on any theory of law applicable to ruling, even if trial court gave wrong reason for correct ruling); *Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010) (holding that State could permissibly make new argument in support of trial court's ruling for first time on appeal because "an appellate court will uphold the trial court's ruling if that ruling is 'reasonably supported by the record and is correct on any theory of law applicable to the case'") (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)).

We overrule applicant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do Not Publish. TEX. R. APP. P. 47.2(b).

10