**Reversed and Remanded and Memorandum Opinion filed July 26, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00689-CR

## EX PARTE LUIS DANIEL RABAJO[1]

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 0570001-B**

## M E M O R A N D U M   O P I N I O N

Luis Daniel Rabajo filed an application for writ of habeas corpus seeking to set a aside a guilty plea and deferred adjudication for third-degree felony possession of a controlled substance, methamphetamine. *See* Tex. Code Crim. Pro. art. 11.072. Following a hearing on Rabajo's application, the trial court granted the writ. From that order the State timely brought this appeal. *See* Tex. Code Crim. Proc. art. 44.01.

---

[1] The application spells applicant's name "Rabago" and that spelling was used by the trial court in this matter. However, the proceedings giving rise to this writ use the spelling "Rabajo," as does applicant's brief. Accordingly, that is the spelling used herein.

BACKGROUND

Rabajo pled guilty to possession of methamphetamine on November 7, 1991. The trial court deferred adjudication and placed Rabajo under community supervision for eight years. On July 12, 1994, the trial court dismissed the cause and and terminated Rabajo's community supervision. On September 12, 2016, Rabajo filed an application for writ of habeas corpus claiming his plea of guilty was involuntary and he received ineffective assistance of counsel.

The only evidence adduced at the hearing was the testimony of Rabajo's immigration attorney, Francisco Fernandez. Fernandez testified that Rabajo consulted him about his immigration case approximately three and one-half years earlier.[2] Fernandez stated that Rabajo was ordered removed for his deferred adjudication for a controlled substance. According to Fernandez, Rabajo's immigration status before his deferred adjudication was "as a visitor. . . a visiting visa." At the time Rabajo pled guilty, he had a valid visa, as a visitor, that was effective until 1998. Fernandez testified that if a person had a visa and pled guilty to possession of a controlled substance he would not be able to acquire legal status. According to Fernandez, that was the law at the time of Rabajo's plea and remained the law at the time of the hearing.

Rabajo and his trial counsel submitted affidavits into evidence. Rabajo claimed his trial attorney misadvised him that a guilty plea would not affect his ability to legally remain present in the United States. Rabajo alleged, and trial counsel averred in his affidavit, that, prior to pleading guilty, Rabajo asked trial

---

[2] Since the hearing took place in June 2017, the consultation would have occurred on or about January 2014.

counsel if a guilty plea would affect his immigration status and trial counsel directly told Rabajo it would not.

The trial court found Rabajo would not have pled guilty had he not been misadvised by trial counsel that his immigration status would not be affected. The trial court concluded trial counsel rendered ineffective assistance. Further, the trial court declined to apply the doctrine of laches, which was raised by the State at the hearing.

The State raises two issues complaining of the trial court's decision to grant relief. In its first issue, the State argues the record does not support the trial court's finding that defense counsel rendered ineffective assistance. The State's second issue claims the trial court erred by failing to find the doctrine of laches barred relief in this case. Before addressing these issues, we set forth the appropriate standard of review.

## STANDARD OF REVIEW

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We will uphold the trial court's ruling absent an abuse of discretion. *Peterson*, 117 S.W.3d at 819. A trial court does not abuse its discretion if its ruling lies within the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). The trial judge is the original fact finder in habeas corpus proceedings.

In article 11.072 writ proceedings, the trial judge is the sole finder of fact. *Ex Parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). In conducting our review, we afford almost total deference to the trial judge's determination of the historical facts that are supported by the record, especially when the factual findings are based on an evaluation of credibility and demeanor. *Peterson*, 117 S.W.3d at 819. We afford the same amount of deference to the trial judge's application of law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Id*. If resolution of the ultimate questions turns on application of legal standards, we review the determination de novo. *Id*.

## WAS TRIAL COUNSEL INEFFECTIVE?

The State makes several arguments in support of its first issue claiming trial counsel did not render ineffective assistance. We address each in turn after setting forth the applicable law.[3]

An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). To demonstrate that he is entitled to post-conviction relief on the basis of ineffective assistance of counsel, an applicant must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a collateral challenge to a guilty plea, the focus of the prejudice inquiry is on "whether counsel's constitutionally

---

[3] It is unnecessary to discuss at length the State's argument that we should review the trial court's legal conclusions *de novo*. As noted above, such is the case for the application of legal standards. *See Peterson*, 117 S.W.3d at 819.

ineffective performance affected the outcome of the plea process," and on whether a defendant has shown that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

The State asserts Rabajo was not entitled to habeas relief under the Sixth Amendment based upon the following reasoning:

1. *Padilla* expanded the scope of the Sixth Amendment right to effective assistance of counsel;[4]
2. *Padilla* does not apply retroactively;[5]
3. Thus, in 1991 Rabajo's right to effective assistance of counsel did not extend to immigration advice.

The State contends Rabajo's attempt to distinguish his case because trial counsel misadvised him, as opposed to a failure to advise, is without merit. Since the State's brief was filed in this case, the Texas Court of Criminal Appeals has held a claim of ineffective assistance based upon affirmative misadvice was cognizable in a petition for writ of habeas corpus and not barred under *Padilla*. *See Ex parte Garcia*, No. PD-0804-17, 2018 WL 2126741 (Tex. Crim. App. May 9, 2018). Accordingly, we reject the State's argument.

In its final argument that counsel was not ineffective, the State argues trial counsel's legal advice accurately reflected the current state of the law as it existed in 1991 at the time of Rabajo's plea. Specifically, the State asserts:

1. In 1991, a deferred adjudication of guilt in Texas was not a conviction for purposes of immigration;
2. Effective 1997, federal immigration law changed — and applied

---

[4] *Padilla v. Kentucky*, 559 U.S. 356, 359, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

[5] *Chaidez v. United States*, 568 U.S. 342, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

5

retroactively — so that a deferred adjudication of guilt in Texas became a conviction; and

3. Trial counsel's performance was not deficient for advising Rabajo based on the law as it stood at the time of his plea.

Appellee counters that the State failed to make this argument in the trial court.

We may *affirm* a trial court's decision on a legal theory not presented to the trial court because the ordinary notions of procedural default do not require a prevailing party to list or verbalize in the trial court every possible basis for upholding its decision. *Hailey v. State,* 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) (citing *State v. Mercado,* 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998)). However, we may not *reverse* a trial court's decision on a legal theory not presented to the trial court by the complaining party because the ordinary notions of procedural default do not permit a trial court's decision to be reversed on a theory the trial court did not have an opportunity to rule on and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *Hailey,* 87 S.W.3d at 122. The ordinary notions of procedural default apply equally to the defendant and the State. *Mercado,* 972 S.W.2d at 78.

Here, the State raises this argument for the first time on appeal. The record does not reflect that it was raised or argued at the hearing. Because the State did not raise this contention below, it is waived. *See Miller v. State*, 335 S.W.3d 847, 858 (Tex. App.—Austin 2011, no pet.); *see also State v. Story,* 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (same); *State v. Rhinehart*, 333 S.W.3d 154, 160 (Tex. Crim. App. 2011) (holding court of appeals erred in not considering and sustaining appellee's argument that the State, as the losing party in the trial court, failed to preserve the claims that it presented for the first time on appeal). Having rejected the State's arguments, issue one is overruled.

## DOES THE DOCTRINE OF LACHES BAR RELIEF?

In issue two, the State contends laches should bar relief in this case. The equitable doctrine of laches applies to article 11.072 writ proceedings. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). Laches is a question of fact and in an 11.072 proceeding the trial court is the sole finder of fact. *Id*. Whether laches applies in an 11.072 writ proceeding is determined on a case-by-case basis. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). Before we address the State's specific arguments, we set forth the trial court's findings and conclusions related to laches:

> Finally, the State's laches defense has no merit. The State never raised this defense in a written filing and instead waited until the hearing to raise the defense. *See Ex parte Wolf*, 296 S.W.3d 160, 167 (Tex. App.— Houston [14th Dist.] 2009). The State presented no evidence, either at the hearing or by affidavit. *Id*. Applicant's mere delay in petitioning for habeas corpus is not sufficient to satisfy laches. *Id*. The State did not make a particularized showing of prejudice to its ability to respond to the application. Nor did the State show any prejudice caused by the timing of the application. Finally, the State failed to show that Applicant did not act with reasonable diligence in pursuing his application. To the contrary, evidence at the hearing on this matter showed that Rabago promptly sought to remedy the immigration problem by filing the writ.

The State claims the trial court applied incorrect law. The State first asserts it was not required to file written pleadings asserting laches. The State is correct; it is allowed to raise laches as a defense in the trial court without written pleadings. *See Smith*, 444 S.W.3d at 669-70. Further, the State asserts the trial court erred by (1) requiring the State to make a particularized showing of prejudice; (2) linking prejudice to the State's ability to respond to the application or the timing of the application; (3) failing to apply the totality-of-the-circumstances test to determine

prejudice; and (4) placing the burden on the State to show Rabajo failed to act with reasonable diligence. Again, the State is correct.

In *Ex Parte Perez,* 398 S.W.3d 206, 210 (Tex. Crim. App. 2013), the Court of Criminal Appeals adopted the common-law doctrine of laches and held it would "(1) no longer require the State to make a 'particularized showing of prejudice' so that courts may more broadly consider material prejudice resulting from delay, and (2) expand the definition of prejudice under the existing laches doctrine to permit consideration of anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant, so that a court may consider the totality of the circumstances in deciding whether to grant equitable relief." *Id*. at 215. Under the totality-of-the-circumstances approach, the court considers the following factors: (1) the length of the applicant's delay; (2) the reasons for the delay, and (3) the degree and type of prejudice resulting from the delay. *Id.* at 217. In evaluating prejudice, the court considers "anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant." *Id*. at 215. The court may take into account the diminished memories of witnesses or availability of the State's evidence, "both of which may often be said to occur beyond five years after a conviction becomes final." *Id*. at 216. In determining whether prejudice has been shown, a court "may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial." *Id*. at 217.

"[T]he extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay." *Perez,* 398 S.W.3d at 217. The longer an applicant delays, particularly when the delay is more than five years after all direct appeals have concluded, the less evidence the State must put forth to demonstrate prejudice. *Id.* at 217–18. While there is no precise period of time after

8

which laches necessarily applies, "delays of more than five years may generally be considered unreasonable in the absence of any justification for the delay." *Id.* at 220 n. 12.

If prejudice is shown, the court must weigh that prejudice against any equitable considerations in favor of granting relief. *Id*. at 217. The court may reject applying laches to bar relief when the record shows: (1) the delay was due to a justifiable excuse or excusable neglect; (2) the State would not be materially prejudiced by the delay; or (3) the applicant is entitled to equitable relief for another compelling reason, such as actual innocence or being "reasonably likely to prevail on the merits." *Id*. at 218.

The trial court in this case did not use the standard set forth in *Perez*. However, the record before us does not clearly establish whether the trial court abused its discretion by ruling that laches did not apply to this case. *See Ex parte Roberts*, 494 S.W.3d 771, 775–77 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (applying abuse of discretion standard to trial court's determination on whether applicant's request for habeas relief was barred by laches).

The only testimony in the record regarding the delay is Fernandez's testimony. That evidence reflects that Rabajo was ordered removed and, sometime in early 2014, consulted Fernandez. Trial counsel represented to the trial court that "Rabajo just found out about this case" and indicated that Rabajo then sought out Fernandez. Trial counsel stated Rabajo "had no idea that this was going to affect his immigration status until he found out he was going to be deported for it."

The only evidence in the record relative to prejudice comes from the State's argument to the trial court:

> An excess of delay has more likely compromised the reliability of trial in this particular case, your Honor. There are witnesses not available.

There's evidence that's no longer available . . . the State would argue that we have been prejudiced with regards to the timing in which this motion has been filed. Over 24 years have passed. . . . and retrying the case would prejudice the State at this point time.

The State claims the statements of counsel are evidence, while Rabajo argues otherwise. We need not decide that question as both the State and Rabajo rely upon statements by counsel as evidence they met their respective burdens under *Perez,* 398 S.W.3d at 206.

The trial court found Rabajo acted "promptly." However, the record does not reflect when Rabajo was ordered removed or first learned that his deferred adjudication affected his immigration status. Nor does the record reflect why there was more than a two and a half-year delay after Rabajo consulted Fernandez before the application was filed. The only evidence of "promptness" is trial counsel's assertion.

The State claimed prejudice but the record does not reflect what witnesses or evidence the State had at the time of Rabajo's guilty plea that are no longer available. Thus there is no evidence of the materiality of the alleged prejudice, which must be balanced against the excuse for the delay.

The record before this court reflects the trial court applied the wrong standard and fails to demonstrate that Rabajo met his burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *See Richardson*, 70 S.W.3d at 870. For these reasons, the State's second issue is sustained. We do not, however, render judgment in favor of the State because it failed to prove its affirmative defense of laches.

Laches is a question of fact to be determined solely by the trial court. *Bowman,* 447 S.W.3d at 888. Accordingly, the proper remedy in this case is to remand for a new hearing on laches in accordance with the correct standard. *Bowman*, 447 S.W.3d

at 888-89 (remanding because, other than the length of the delay, there was nothing in the trial record from which to ascertain whether laches has been proved) (citing *Smith*, 444 S.W.3d at 670) (remanding to afford applicant the opportunity to explain his delay); *see also Fuelberg v. State*, 410 S.W.3d 498, 510 (Tex. App.—Austin 2013, no pet.) (abating and remanding for a new recusal hearing where trial court did not apply the correct standard).[6]

The trial court's order is reversed and the cause remanded for further proceedings in accordance with this opinion.

/s/    John Donovan
        Justice

Panel consists of Justices Boyce, Donovan and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[6] *State v. Plumaj*, No. 14-08-00703-CR, 2009 WL 1886133, at *2 (Tex. App.—Houston [14th Dist.] July 2, 2009, no pet.) (mem. op.) (not designated for publication) (reversing and remanding with leave to again entertain the motion to suppress where the trial court applied an improper standard and held the State to a higher burden than that required by law).