**Affirmed and Memorandum Opinion filed May 21, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00047-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**MICHAEL J. BITGOOD, Appellee**

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 22-DCR-101126**

## MEMORANDUM OPINION

Appellant, the State of Texas, appeals the trial court's judgment granting appellee Michael J. Bitgood's requested habeas-corpus relief, dismissing without prejudice the State's indictment. Tex. Code. Crim. Proc. art. 44.01(a)(1). The State did not file a response in the trial court and has not provided a copy of the reporter's record for the hearings on these matters. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2022, Bitgood was indicted on two counts of felony stalking on charges tracking the language of sections 42.07(a)(7) and 42.072(a)(3)(D) of the Texas Penal Code.

The first count is premised on events occurring "May 21, 2018 through January 30, 2019." The second count is premised on events occurring "November 1, 2021 through September 14, 2022," and alleges that Bitgood

> . . .pursuant to the same scheme and course of conduct directed specifically at Marianna Sullivan knowingly engage in conduct that constituted an offense under Section 42.07 of the Texas Penal Code, namely send messages to Marianna Sullivan despite her representation by counsel and request to direct communication to counsel, and refer to Marianna Sullivan as a madam, and accuse Marianna Sullivan of mental illness, and accuse Marianna Sullivan of being a sex worker, and the defendant's conduct would cause a reasonable person to, and did cause Marianna Sullivan to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.

The following month Bitgood filed his original application for habeas corpus and motion to quash the indictment, which days later was followed by an amended version, which is the live pleading in this case.[1]

In his Amended Application and Motion, appellee begins by challenging the indictment as brought under a criminal statute which he contends is unconstitutional, void for vagueness, and that it fails to draw reasonably clear lines between lawful and unlawful conduct.

---

[1] The live pleadings for purposes of this appeal consist of appellee's "Application for Writ of Habeas Corpus (First Amended) and Motion to Quash Indictment for Lack of Probable Cause and Challenge to the Statute as Applied to this Individual and the Litigation Privilege to the Texas Rules of Civil Procedure" (Amended Application and Motion), and Bitgood's "First Supplement to the Application for Writ of Habeas Corpus (First Amended) and Motion to Quash Indictment for Lack of Probable Cause and Challenge to the Statute as Being Facially Unconstitutional" ("Supplemental Pleading").

Bitgood argued that the allegations set out in Count One of his two-count indictment were facially fatal as alleging an offense outside a statute of limitations period.

Bitgood argued that both counts asserted against him were unconstitutional as applied, that they lacked probable cause, and failed to inform appellant how his conduct constituted criminal conduct under the statute. He contends "[t]here is no distinction between the alleged repeated misdemeanor offense message and the alleged felony offense communication on more than one occasion, other than the whim of the complainant or the prosecutor."

Bitgood also argued the indictment failed to provide him adequate "due process notice" for lack of allegations concerning the element of "intent" and failing to describe the specific "manner" that the communications were sent such that they were "likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another".

In the section titled "WHAT THE GRAND JURY APPARENTLY DID NOT KNOW," Bitgood detailed his background with the complainant where he represented himself and others against complainant in a series of landlord-tenant disputes. He argued that the complained-of communications that form the basis of the indictment were made in the course of litigation.

In a subsequent section he contended that the indictment was supported by fabricated facts.

> the complainant knew she was breaking the law, defrauding the CARES act, and illegally invoking the jurisdiction of courts of Fort Bend County. To help cover up this misconduct and silence the Defendant, the complainant and her police officer employee fabricated this criminal charge, most likely if not certainly with the assistance of others as well.

In the last substantive section of his Amended Application, entitled "VI. THE RECUSAL OF THE DISTRICT ATTORNEY," Bitgood makes various allegations regarding the Fort Bend District Attorney and the complainant: he alleges that the Fort Bend District Attorney became critical of complainant in some fashion after discovering apparently undisclosed facts about the charges originally filed against appellee and that the complainant brought an "all out smear campaign against" the Fort Bend District Attorney, whose recusal he contends was procured by a contrived "call for service" and fraud by omission of certain facts. The Fort Bend District Attorney was recused and an attorney *pro tem* was appointed to prosecute the case. Bitgood then noted:

> It is a separate issue that the attorney *pro tem* had no authority to present an alleged felony offense to a grand jury or act as a *pro tem* in a felony matter in a district court after being appointed by a county court at law judge, because county courts at law, and their judges, lack jurisdiction over felony indictments, and matters that by Penal Code definition constitute felony offenses.

Bitgood also filed his Supplemental Pleading which asserted his facial challenge to the statutory provisions; he argued that "the statute in question for which he was indicted is unconstitutional on its face and suffers from over-breadth, making it unconstitutional as presented in the indictment."

The State filed no response to the Amended Application and Motion or Supplemental Pleading. The State only responded to the arguments concerning the *pro tem*'s authority and the county court at law's appointment-jurisdiction.

A hearing was held on the Amended Application and Motion, which the court's order recites was "sworn and uncontroverted." On appeal Bitgood contends that both "lay and expert testimony" were presented to the court; the State has not disputed this assertion. The trial court's order states:

The application for writ of habeas corpus is granted on the grounds as stated in the sworn and uncontroverted application and the arguments made to the court. To that extent, the Defendant is discharged and ordered released forthwith from all manner of restraint. With regards to the motion to quash the indictment, that motion is GRANTED, and the indictment is quashed without prejudice as to the State's ability to represent if the State desires to proceed again. Should the State refile any charges against this Defendant, the State is ordered to issue a summons to him to appear, as the Court finds from personal observation that the Defendant is a disabled senior citizen and poses no risk of flight, and has made all of his court appearances.

The hearing was recorded, but the State has chosen not to request the reporter's record to be included as a part of our record.

## II. ISSUES AND ANALYSIS

In its three issues on appeal, the State challenges some, *but not all*, grounds raised by appellee in his Amended Application and Motion and upon which the trial court based its order dismissing the indictment.

### *Relevant Standards of Review*

In general, we review a trial court's ruling on an application for writ of habeas corpus using an abuse-of-discretion standard, and we view any evidence in the light most favorable to that ruling and defer to implied factual findings supported by the record. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Ex parte Fusselman*, 621 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd).

Appellate courts review a trial judge's rulings on a motion to dismiss or quash a charging instrument *de novo. State v. Barbernell*, 257 S.W.3d 248, 251-52 (Tex. Crim. App. 2008). The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case. *State v. Rhinehart*, 333 S.W.3d 154, 161 (Tex. Crim. App. 2011) (applying ordinary rules of procedural default to a

5

State's appeal of a trial court's order quashing the indictment).

*Analysis*

For the sake of efficiency, we first look to the grounds upon which the trial court judgment could be based which the State has not addressed.

Bitgood's statute of limitations argument presented to the trial court stands among those grounds not addressed by the State. Application for writ of habeas corpus is an available vehicle to invoke statute of limitations "if the pleading, on its face, shows that the offense charged is barred by limitations" *and* is not reparable by resort to an exception. *See Ex parte Edwards*, 663 S.W.3d 614, 618 (Tex. Crim. App. 2022). The first count of the indictment, based on Bitgood's alleged conduct (of sending messages) occurring "May 21, 2018 through January 30, 2019," describes an offense for felony stalking. *See* Tex. Penal Code § 42.072(a). Charges must be presented three years from the date of the commission of the offense. Tex. Code Crim. Proc. art. 12.01(9). Thus, in this case notwithstanding any applicable exception, the State was required to present the felony stalking charge no later than January 30, 2022. The face of the indictment which contains a file-stamp for "October 3, 2022" demonstrates the felony stalking charge was presented over eight months late.

Next, to the question whether the count was reparable by resort to an exception, the State made no argument that any exception applied to repair the infirmity of the indictment. Moreover, the record in this case does not fulfill the requisites presented in *Ex parte Edwards* for rejecting a statute-of-limitation claim in a pretrial habeas as not cognizable. *See Ex parte Edwards*, 663 S.W.3d 614, 618 (Tex. Crim. App. 2022) ("An indictment returned outside a general statute of limitation *may* be reparable by resort to an exception. *If so*, then a statute-of-limitation claim is not cognizable on pretrial habeas."). The State made no attempt

6

to respond in the trial court; to establish any statute-of-limitations exception that could actually or even potentially, i.e., with evidence at trial, repair the indictment. Upon the record before us and under the applicable standard of review, the trial court properly disposed of count one of the indictment on the basis that it was barred by the statute of limitations.

If we were to presume that the second count of the indictment lacked any defect that would independently support a cognizable habeas claim, Bitgood's habeas claim under the two-count indictment was independently cognizable. *Ex parte Couch*, 678 S.W.3d 1, 7–8 (Tex. Crim. App. 2023) (holding that a habeas claim can stand for merits review even if it is cognizable to less than all counts of the multi-count indictment).

The second count, alleging conduct between November 1, 2021 through September 14, 2022, was timely filed. However, the State's defense of the second count was woefully deficient. Just as an accused, who has a right to be charged by an instrument that is free of defects, errors, and omissions, must object to any error in the charging instrument in a timely and specific manner, it also incumbent on the State, if it wishes to preserve a challenge to any order sustaining the accused's objection, to take action necessary to avoid application of "ordinary rules of procedural default." *See State v. Rhinehart*, 333 S.W.3d 154, 162 (Tex. Crim. App. 2011) (applying ordinary rules of procedural default to decide that the State, as the losing party in the trial court, could not raise for the first time on appeal a claim that there was no valid basis for the trial court to have quashed the indictment.)

Bitgood has argued that the State, by failing to respond, waived its objections to the (entire contents) of the trial court's judgment based upon his Amended Application and Motion. Indeed, other than presenting written

arguments about its authority to prosecute the case, the State offered no response or objection announcing its opposition to Bitgood's Amended Application and Motion. A record was made of the hearing, after which the court recited that the application was "uncontroverted." Bitgood's argument raises references to two distinct but related waiver/preservation concepts: first, that in order to present a complaint for appellate review a party must present a record showing the complaint was made to the trial court and was ruled on expressly or implicitly, Tex. R. App. P. 33.1; and then, when presenting the complaint to the court of appeals in its brief, the appellant's argument must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i). We conclude the State has waived its opportunity to challenge the trial court's judgment. On appeal the State has not shown that it presented any complaint in the record to Bitgood's Amended Application and Motion that it now seeks as a basis for reversing the judgment, and in the absence of a reporter's record, we presume any evidence provided to the court at the hearing supports the court's order quashing both counts. Tex. R. App. P. 33.1, 38.1(i); *see also State v. Rhinehart*, 333 S.W.3d at 162.

### III. CONCLUSION

We affirm the trial court's habeas-corpus judgment.


/s/     Randy Wilson
        Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).