PD-0053-15

PD-0053-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/20/2015 6:45:52 PM
Accepted 1/22/2015 3:50:50 PM
ABEL ACOSTA
CLERK

No._____

# IN THE
# COURT OF CRIMINAL APPEALS
# OF
# TEXAS

**KAYLEN DeWAYNE SIMMONS,**
**Petitioner,**

**vs.**

**THE STATE OF TEXAS,**
**Respondent.**

**Petition in Cause No. 12-CR-2519 from the**
**212th Judicial District Court of Galveston County, Texas**
**and the Court of Appeals for the First Supreme Judicial District of Texas**
**in Cause No. 01-13-00930-CR**

## PETITION FOR DISCRETIONARY REVIEW

**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.**
**4151 Southwest Freeway, Suite 490**
**Houston, Texas 77027**
**(713) 659-7330**
**(713) 599-1659 (FAX)**
**SBOT# 21633500**
**attyjrwii@wisamlawyers.com**

**ATTORNEY FOR PETITIONER**
**KAYLEN DeWAYNE SIMMONS**

FILED IN
COURT OF CRIMINAL APPEALS

January 22, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel:

PARTIES                                    COUNSEL

Appellant:
Kaylen DeWayne Simmons                     Willie & Associates, P.C.
                                           Joseph R. Willie, II, D.D.S., J.D.
                                           4151 Southwest Freeway, Suite 490
                                           Houston, Texas 77027
                                           Appellate Counsel for Appellant

Trial Court:
The Honorable Susan Criss
212th Judicial District Court
Galveston County, Texas

Appellee:
State of Texas                             Galveston County District Attorney's Office
                                           Alison Lindblade, Esquire
                                           Asst. Galveston County District Attorney
                                           600 59th Street, Suite 1001
                                           Galveston, Texas 77551
                                           Appellate Counsel for Appellee

                                           Tiffany Alford, Esquire
                                           Asst. Galveston County District Attorney
                                           600 59th Street, Suite 1001
                                           Galveston, Texas 77551
                                           Trial Counsel for Appellee

**TABLE OF CONTENTS**

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . vi

GROUND FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

> The Court of Appeals erred in affirming the judgment of the trial court on the basis that the State could argue the issue of standing for the first time on appeal even though it did not raise the issue in the trial court below.

REASON FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

APPENDIX

> Appendix 1 – Opinion of the Court of Appeals rendered on October 30, 2014.
>
> Appendix 2 – *State v. Rhinehart,* 333 S.W.3d 154 (Tex. Crim. App. 2011).

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Keehn v. State,*
    233 S.W.3d 348 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

*State v. Rhinehart,*
    333 S.W.3d 154 (Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

*Steagold v. United States,*
    451 U.S. 204 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

*Wright v. State,*
    No. 811-03, 2003 WL 22909085
    (Tex. Crim. App. Dec. 10, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2


**CONSTITUTIONS:**

U.S. CONST. Art. VI, § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

U.S. CONST. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

TEX. CONST. art. I, § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

TEX. CONST. art. I, § 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2


**RULES AND STATUTES:**

TEX. R. APP. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

## STATEMENT REGARDING ORAL ARGUMENT

Due to the fact that this Court has not addressed the issue of the State having waived the issue of standing of a passenger challenging the search of an automobile by not presenting the issue in the trial court below since this Court's holding in *State v. Rhinehart,* 333 S.W.3d 154 (Tex. Crim. App. 2011), and due to the fact that the Court of Appeals' opinion directly conflicts with the opinion of the Supreme Court of the United States on this very same issue as announced in *Steagold v. United States,* 451 U.S. 204 (1981), the Petitioner, Kaylen DeWayne Simmons, requests oral argument in this case.

## STATEMENT OF THE CASE

*Nature of the Case:*  This is a burglary of a habitation prosecution brought by the State of Texas, by and through the Galveston County District Attorney's Office.

*Trial Court:*  The Honorable Susan Criss, 212th Judicial District Court, Galveston County, Texas.

*Parties in the Court of Appeals:*  Kaylen DeWayne Simmons – Appellant; The State of Texas – Appellee.

*Court of Appeals:*  Court of Appeals for the First Supreme Judicial District of Texas; Opinion by Justice Huddle joined by Justices Massengale and Brown; *Simmons v. State,* No. 01-13-00930-CR (Tex. App.--Houston [1[st] Dist.] Oct. 30, 2014, pet. filed) (Opinion attached, Appendix 1).

*Court of Appeals' Disposition:*  Judgment of the trial court affirmed.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its decision affirming the judgment of the trial court on October 30, 2014.  The Petitioner filed his Motion for Rehearing *En Banc* on November 5, 2014. The Court of Appeals  denied the Motion for Rehearing *En Banc* on December 18, 2014. The Petition for Discretionary Review was filed with the Clerk if this Court on January 13, 2015, by e-filing.

## GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN AFFIRMING THE JUDGMENT OF THE TRIAL COURT ON THE BASIS THAT THE STATE COULD ARGUE THE ISSUE OF STANDING FOR THE FIRST TIME ON APPEAL EVEN THOUGH IT DID NOT RAISE THE ISSUE IN THE TRIAL COURT BELOW. (1 C.R.R. 1-73.)

## REASON FOR REVIEW

The Court of Appeals has decided an important question of federal and state law in a way that conflicts with the applicable decisions of the Supreme Court of the United States and the Court of Criminal Appeals of Texas.

The Court of Appeals held that the State could raise the issue of standing for the first time on appeal even though the issue was not raised by the State in the trial court below. Slip Op. at 3-6. The Petitioner contends that this is no longer the jurisprudence of the United States and the State of Texas and that the Court of Appeals should have addressed the merits asserted by the Petitioner in this appeal.

The Supreme Court of the United States in *Steagald v. United States,* 451 U.S. 204, 209-211 (1981), held that if the government did not challenge an appellant's Fourth Amendment standing to assert a legitimate expectation of privacy in the trial court, it cannot raise the issue of standing for the first time on appeal. That holding has been incorporated into the jurisprudence of the State of Texas by the Court of Criminal Appeals of Texas in *State v. Rhinehart,* 333 S.W.3d 154, 161-162 & n.13 (Tex. Crim. App. 2011). Since the State did not raise the issue of standing at trial, it is deemed to have waived the issue. *See Rhinehart,*

1

333 S.W.3d at 162. None of the standing cases cited by the Court of Appeals and the State are applicable to the facts of this appeal.

The doctrine of *stare decisis* and the Supremacy Clause of the United States Constitution required the Court of Appeals to adhere to the holdings promulgated by the Supreme Court of the United States and the doctrine of *stare decisis* required the Court of Appeals to adhere to the holdings of the Court of Criminal Appeals of Texas when they are not in conflict with Supreme Court of the United States precedent. The Court of Appeals had the absolute obligation to address the merits of this appeal pursuant to the mandates of TEX. R. APP. P. 47.1. The Court of Appeals impermissibly abdicated its duty and by so doing violated the Equal Protection and Due Process Rights of the Petitioner guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution. *See also Keehn v. State,* 233 S.W.3d 348, 349 (Tex. Crim. App. 2007); *Wright v. State,* No. 811-03, 2003 WL 22909085, at *1 (Tex. Crim. App. Dec. 10, 2003). The opinion and judgment of the Court of Appeals should be reversed and this Court should address the merits of this appeal or, in the alternative, the Court should remand the case to the Court of Appeals to address the merits of the appeal.

## PRAYER

For the foregoing reasons, Petitioner, Kaylen DeWayne Simmons, requests that the Court reverse the judgment of the Court of Appeals and enter judgment of acquittal in Cause No. 12-CR-2519 or, in the alternative, reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals to address the merits of the issues presented in this appeal.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By:/s/ Joseph R. Willie, II, D.D.S., J.D.
    Joseph R. Willie, II, D.D.S., J.D.
    4151 Southwest Freeway, Suite 490
    Houston, Texas 77027
    (713) 659-7330
    (713) 599-1659 (FAX)
    SBOT# 21633500
    attyjrwii@wisamlawyers.com

    ATTORNEY FOR APPELLANT
    KAYLEN DeWAYNE SIMMONS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Allison Lindblade, Assistant Galveston County District Attorney, 600 59th Street, Suite 1001, Galveston, Texas 77551 and the State Prosecuting Attorney, P.O. Box 12405, Capitol Station, Austin, Texas 78711, on the 13th day of January, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the Petition for Discretionary Review submitted complies with TEX. R. APP. P. 9 and the word count of this document is 583. The word processing software used to prepare the document and to calculate the word count is Windows 7.

<u>/s/ Joseph R. Willie, II, D.D.S., J.D.</u>
Joseph R. Willie, II, D.D.S., J.D.

# APPENDIX

# Appendix 1



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00930-CR

———————————

**KAYLEN DEWAYNE SIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12-CR-2519**

---

## MEMORANDUM OPINION

Kaylen Dewayne Simmons pleaded guilty to the felony offense of burglary of a habitation, and the trial court deferred adjudication and placed Simmons on community supervision for six years. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). On appeal, Simmons contends that the trial court erred in denying his

motion to suppress evidence seized in the search of a car in which he was a passenger. We affirm.

## Background

At the hearing on the motion to suppress, Officer L. De la Garza testified that while on patrol one morning around 3:00 a.m., a car with no taillights passed him. He followed the car to a gas station and activated his overhead lights as he was entering the parking lot behind the car. One of the occupants started walking towards the gas station store, while the driver and another passenger remained in the car, acting "fidgety." De la Garza told the man who left the car to come back. De la Garza testified that he approached the car, identified the driver as Rudy Ortiz, made Ortiz step out and put his hands behind his back, handcuffed him, and advised him that he was under arrest for the traffic offense of having a defective taillight.

While De la Garza was continuing with the traffic stop investigation, another officer arrived with his K-9 partner and conducted a drug sniff of the car. The dog "alerted" for the presence of narcotics. Subsequently, De la Garza searched the car and found a number of items, including a pillowcase containing a Coach purse and several electronics in the car's trunk. It was later determined that the items in the pillowcase were stolen during a recent burglary.

2

Simmons also testified at the hearing. He testified that he was riding in the back seat of the car, was asked to exit the car, and was handcuffed.

**Discussion**

In two issues, Simmons contends that the trial court erred in denying the motion to suppress because Officer De la Garza had no basis to search the car and the State did not offer evidence that the K-9 was properly certified. The State responds, arguing for the first time on appeal that Simmons does not have standing to contest the search because he was merely a passenger in the car.

**A.      Standard of Review and Applicable Law**

A defendant who asserts a Fourth Amendment claim has the initial burden to establish, as an element of that claim, that he has standing. *State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). To demonstrate standing to challenge the search of another person's vehicle, the defendant must show that he personally has a legitimate expectation of privacy in the searched vehicle. *See Klima*, 934 S.W.2d at 111; *see also Matthews v. State*, 431 S.W.3d 596, 606 (Tex. Crim. App. 2014) (The accused "must show (1) that he exhibited an actual subjective expectation of privacy in the place invaded (i.e., a genuine intention to preserve something as private) and (2) that society is prepared to recognize that expectation of privacy as objectively reasonable.") (internal quotations omitted). The State may raise the issue of standing for the first time on appeal. *Klima*, 934 S.W.2d at

110. We review standing de novo, as it is a question of law. *State v. Allen*, 53 S.W.3d 731, 732 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Fourth Amendment rights are personal rights that may not be vicariously asserted. *Pham v. State*, 324 S.W.3d 869, 874 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S. Ct. 421, 426 (1979)); *see also Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). "'A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.'" *Pham*, 324 S.W.3d at 874 (quoting *Rakas*, 439 U.S. at 134, 99 S. Ct. at 425). A passenger has no standing to contest the search of the vehicle without evidence showing a legitimate expectation of privacy in the vehicle or a possessory interest in the property seized. *See Flores v. State*, 871 S.W.2d 714, 719 (Tex. Crim. App. 1993); *Meeks v. State*, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985); *see also Allen*, 53 S.W.3d at 732 ("[A] nonowner passenger does not have standing to challenge a search of a car's trunk.").

## B. Analysis

We agree with the State that Simmons did not meet his burden to show that he had standing to challenge the search of the car's trunk. The evidence presented at the hearing conclusively showed that Simmons was a passenger in the back seat

4

of the car. Although it was his burden to do so, Simmons offered no evidence regarding any expectation of privacy in the car or any possessory interest in any of the items seized. *See Klima*, 934 S.W.2d at 111; *see also Rakas*, 439 U.S. at 148–49, 99 S. Ct. at 433; *Pham*, 324 S.W.3d at 875–76.

Simmons relies on a single case in support of his argument that he has standing to challenge the search, *Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400 (2007). Simmons argues that *Brendlin* "unambiguously" holds that a vehicle passenger "has a basis for challenging a search of the vehicle." But *Brendlin* does not support Simmons's argument that he has standing here.

As the Fifth Circuit recently explained, "[i]n *Brendlin*, the [Supreme] Court held that when the police stop a car, passengers in the car are 'seized' under the Fourth Amendment to the same extent as a driver and thus have individual standing to challenge the stop's constitutionality." *U.S. v. Powell*, 732 F.3d 361, 375 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1326 (2014). But "*Brendlin* [was] clearly focused on the Fourth Amendment implications of a police stop on an individual's person and freedom of movement—the seizure of the person." *Id.* "Nothing in the [Supreme] Court's opinion alters the standing analysis for searching an area of a vehicle or an item found in a vehicle." *Id.* "To gain Fourth Amendment standing to challenge the validity of a search—not the validity of the underlying seizure—passengers must continue to show a 'legitimate expectation of

5

privacy' in the area or item searched." *Id.* (quoting *Rakas*, 439 U.S. at 148, 99 S. Ct. at 433).

Since he did not own the vehicle, Simmons bore the burden to show that he had an actual subjective expectation of privacy in the car's trunk and that "society is prepared to recognize that expectation of privacy as objectively reasonable," but he presented no evidence of either. *See Matthews*, 431 S.W.3d at 606. Accordingly, we hold that Simmons failed to establish that he had standing to challenge the search. *See Rakas*, 439 U.S. at 148–49, 99 S. Ct. at 433 (passengers who asserted neither property nor possessory interest in vehicle or items found during search, and who made no showing of any legitimate expectation of privacy in areas of vehicle where seized items were found, were not entitled to suppression of seized items in their subsequent robbery prosecution); *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000) (passenger appellant showing no possessory interest in vehicle or items seized from within it endured no infringement of any right ensuring freedom from unreasonable searches and seizures).

Because we have concluded that Simmons did not establish standing to challenge the search of the car, we need not address the two grounds on which Simmons challenges the trial court's denial of his motion to suppress. *See Wilson v. State*, 692 S.W.2d 661, 671 (Tex. Crim. App. 1984) (op. on reh'g) (reviewing

court may affirm trial court's denial of motion to suppress on the ground that the defendant failed to establish standing, even if standing was not raised in trial court).

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish.  Tex. R. App. P. 47.2(b).



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-13-00930-CR

KAYLEN DEWAYNE SIMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 212th District Court of Galveston County.   (Tr. Ct. No. 12-CR-2519).

This case is an appeal from the final judgment signed by the trial court on September 25, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered October 30, 2014.

Panel consists of Justices Massengale, Brown, and Huddle. Opinion delivered by Justice Huddle.

# Appendix 2



333 S.W.3d 154
**(Cite as: 333 S.W.3d 154)**

H

Court of Criminal Appeals of Texas.
The STATE of Texas
v.
Kenton Jerrod RHINEHART, Appellee.

No. PD–0002–10.
March 9, 2011.

**Background:** Defendant was charged in juvenile court with committing an aggravated robbery 44 days before his 17th birthday. The juvenile court waived its jurisdiction and transferred defendant to criminal district court. Defendant was indicted for aggravated robbery. The Criminal District Court No. 2, Dallas County, Don Adams, J., granted defendant's motion to quash. State appealed. The Dallas Court of Appeals, 2009 WL 3248270, reversed and remanded. Discretionary review was granted.

**Holding:** The Court of Criminal Appeals, Hervey, J., held that State, as losing party in criminal district court with respect to granting of defendant's motion to quash the indictment, which quashing was based on State's lack of due diligence in proceeding with case in juvenile court before defendant's 18th birthday, could not raise for first time on appeal to court of appeals claims that criminal district court was without jurisdiction to review evidence underlying juvenile court's decision to transfer the case and that insufficiency of evidence supporting juvenile court's order to transfer the case to criminal district court was not valid ground for granting motion to quash indictment as a matter of statutory law.

Court of Appeals reversed; Criminal District Court affirmed.

Keller, P.J., filed a dissenting opinion.

Price, J., filed a dissenting opinion in which Womack, J., joined.

West Headnotes

**[1] Criminal Law 110 ⚿1032(1)**

110 Criminal Law
   110XXIV Review
      110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
         110XXIV(E)1 In General
            110k1032 Indictment or Information
               110k1032(1) k. In general. Most Cited Cases

**Infants 211 ⚿3071**

211 Infants
   211XVI Rights and Privileges as to Adult Prosecutions
      211XVI(E) Appeal and Review
         211k3071 k. Preservation of grounds for review. Most Cited Cases
   (Formerly 211k68.8)

State, as losing party in criminal district court with respect to granting of defendant's motion to quash the indictment, which indictment had occurred after juvenile court had waived its jurisdiction, and which quashing was based on State's lack of due diligence in proceeding with case in juvenile court before defendant's 18th birthday, could not raise for first time on appeal to court of appeals claims that criminal district court was without jurisdiction to review evidence underlying juvenile court's decision to transfer the case and that insufficiency of evidence supporting juvenile court's order to transfer the case to criminal district court was not valid ground for granting motion to quash indictment as a matter of statutory law. Vernon's Ann.Texas C.C.P. art. 44.47; V.T.C.A., Family Code § 54.02.

**[2] Criminal Law 110 ⚿1031(1)**

110 Criminal Law

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

333 S.W.3d 154
(Cite as: 333 S.W.3d 154)

110XXIV Review
110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
110XXIV(E)1 In General
110k1031 In Preliminary Proceedings
110k1031(1) k. In general. Most Cited Cases

The rationale for the rule that the State can usually raise for the first time on appeal the issue of a defendant's standing to challenge a search or seizure on Fourth Amendment grounds is that standing is an element of the defendant's Fourth Amendment claim and thus the defendant cannot complain that he is surprised on appeal by a final decision in the appellate court of issues upon which he has had no opportunity to introduce evidence. U.S.C.A. Const.Amend. 4.

**[3] Criminal Law 110 ⟜1031(1)**

110 Criminal Law
110XXIV Review
110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
110XXIV(E)1 In General
110k1031 In Preliminary Proceedings
110k1031(1) k. In general. Most Cited Cases

The rule that the State can usually raise for the first time on appeal the issue of a defendant's standing to challenge a search or seizure on Fourth Amendment grounds is not absolute. U.S.C.A. Const.Amend. 4.

*155 John H. Hagler, Dallas, for Appellant.

Patricia Poppoff Noble, Asst. D.A., Dallas, Jeffrey L. Van Horn, State's Atty., Austin, for State.

**OPINION**

HERVEY, J., delivered the opinion of the Court in which MEYERS, JOHNSON, KEASLER and CO-CHRAN, JJ., joined.

We granted discretionary review in this case to address, among other things, whether a criminal district court may set aside a juvenile court's order waiving its jurisdiction and transferring the case to the criminal district court under Section 54.02 of the Family Code (ground three of appellee's discretionary-review petition). However, with the criminal district court not having set aside the juvenile court's transfer order, we decide that this issue is not presented in this case, and we, therefore, decline to address it. We do find it necessary to sustain another ground for review (ground one) in appellee's discretionary-review petition, thus requiring this Court to reverse the judgment of the court of appeals.

Appellee was born on April 13, 1989. He was charged in juvenile court with an aggravated robbery that was committed on February 28, 2006, forty-four days before appellee's seventeenth birthday. On April 16, 2007, three days after appellee's eighteenth birthday, the State filed a petition in the juvenile court to transfer appellee's case to a criminal district court where appellee would be tried as an adult. Appellee claimed at an April 30, 2007 transfer hearing that the juvenile court should deny this petition because the State did not use *156 due diligence in proceeding with his case in juvenile court before appellee's eighteenth birthday.[FN1] The State claimed at this hearing that it had used due diligence. On May 2, 2007, the juvenile court signed an order waiving its jurisdiction and transferring appellee to criminal district court, after which appellee was indicted for aggravated robbery.[FN2]

FN1. See, e.g., Matter of J.C.C., 952 S.W.2d 47, 49–50 (Tex.App.-San Antonio 1997, no writ) (juvenile court abused its discretion in certifying J.C.C. as an adult and transferring the case to the district court because the State failed to show due diligence "in not prosecuting him in [juvenile court] before his eighteenth birthday").

FN2. The State presented three witnesses, and appellee presented one witness at the April 30, 2007 transfer hearing in the ju-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

venile court. The evidence presented at this hearing shows that the police developed appellee as a suspect in the aggravated robbery on June 27, 2006 (about four months after it was committed). The aggravated-robbery case was filed in the juvenile court on July 26, 2006. Appellee was not arrested for this offense until April 6, 2007. The State seemed to take the position at the April 30th transfer hearing that it was not able to locate appellee until his arrest on April 6th even though during this period of time appellee had been in and out of jail on several occasions on various other criminal charges that had been filed against him in adult criminal court. In its May 2, 2007 order, waiving its jurisdiction and transferring appellee to the criminal court, the juvenile court made a finding that "it was not practicable to proceed in Juvenile Court before the eighteenth birthday of [appellee] because [appellee] could not be found." See § 54.02(j)(4)(B)(ii), TEX. FAM.CODE (juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if, among other things, the juvenile court finds from a preponderance of the evidence that "after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because the person could not be found").

Appellee raised the due-diligence issue again in the criminal district court in a motion that he labeled a "MOTION TO QUASH INDICTMENT." Attached to this motion was a proposed order indicating that the motion was either "Granted" or "Denied." The criminal district court held a hearing on this motion, during which the parties relitigated the due-diligence issue that had been litigated in the juvenile court. The State's only argument at the hearing in the criminal district court was that it had used due diligence. Appellee relied on six exhibits

that covered matters that were covered at the transfer hearing in the juvenile court. One of these exhibits (Defendant's Exhibit 5) is the reporter's record of the transfer hearing in the juvenile court. The criminal district court "Granted" appellee's "MOTION TO QUASH INDICTMENT."

The State appealed to the court of appeals, claiming for the first time on appeal that: (1) the criminal court was without jurisdiction to review "the evidence underlying the juvenile court's decision to transfer this case" because appellee "had no statutory right to **appeal** the sufficiency of the evidence in the juvenile court's transfer proceedings prior to being finally convicted in the criminal district court"[FN3] (emphasis supplied), and (2) the criminal district court erred to grant appellee's motion to quash the indictment on a ground not authorized by law because the sufficiency of the evidence supporting a juvenile court's order to transfer a case to criminal district court is not a valid ground for granting a motion to quash an indictment as a matter of statutory law. *157 Appellee responded by arguing, among other things, that the State had waived these issues by failing to raise them in the criminal district court[FN4] and that he did not "appeal" but only "challenged" the juvenile court's transfer order (as opposed to the indictment) in the criminal district court.

> FN3. See Article 44.47(b), TEX.CODE CRIM. PROC. (defendant may appeal a transfer under Section 54.02 of the Family Code "only in conjunction with the appeal of a conviction of ... the offense for which the defendant was transferred to criminal court").

> FN4. Appellee argued that the State, as the losing party in the criminal district court, could not present new theories on appeal for reversing the criminal district court's decision. See Hailey v. State, 87 S.W.3d 118, 121–22 (Tex.Cr.App.2002) (ordinary notions of procedural default generally prohibit an appellate court from reversing

333 S.W.3d 154
(Cite as: 333 S.W.3d 154)

a trial court's decision on a theory not presented to the trial court); *State v. Mercado,* 972 S.W.2d 75, 77–78 (Tex.Cr.App.1998).

The court of appeals sustained the State's second issue, found it unnecessary to address its first issue, reversed the criminal district court's order quashing the indictment, and remanded the case to the criminal district court for further proceedings consistent with its opinion.[FN5] The court of appeals further stated that "issues relating to the [juvenile-court] transfer proceedings are properly raised in an appeal from a conviction after transfer." *See Rhinehart,* slip op. at 4. It also stated:

> FN5. *See State v. Rhinehart,* No. 05–09–00155–CR, slip op. at 3–4, 2009 WL 3248270 (Tex.App.-Dallas, delivered October 12, 2009) (not designated for publication) (appellee's "MOTION TO QUASH INDICTMENT" did not assert any of the statutory grounds in Articles 27.03, 27.08 and 27.09, TEX.CODE CRIM. PROC. for setting aside an indictment; instead, "the motion asserted that the indictment should be quashed because the elements requisite to transfer a case from juvenile court to district court had not been met") and slip op. at 5 ("Because there is nothing before us to demonstrate that the indictment was not valid, we conclude the trial court erred in quashing the indictment. The State's second issue is sustained. Our resolution of this issue obviates the need to address the State's first issue. We reverse the trial court's order and remand the case for further proceedings consistent with this opinion."). (Citation to authority omitted).

Appellee acknowledges that a party may only appeal a transfer order in conjunction with a conviction or an order of deferred adjudication. *See* TEX.CODE CRIM. PROC. ANN. Art. 44.47(b) (Vernon 2006). Nonetheless, appellee contends that an "appeal" differs from a "challenge," and

insists the statute does not restrict a defendant's rights to challenge a transfer order. Although we note that the construction appellee seeks to advance would effectively allow a defendant two bites at the proverbial apple, we need not decide the issue here. Appellee's motion did not seek to set aside the transfer order; it sought to quash the indictment. Moreover, even if the statute afforded different treatment for a "challenge" than an "appeal," the distinction is without a difference in the present case. Appellee's motion concerned the sufficiency of the evidence in the transfer proceeding. And in the absence of a conviction or other order of deferred adjudication, we have no jurisdiction to determine the propriety of a transfer. *See* TEX.CODE CRIM. PROC. ANN. Art. 44.47(b) (Vernon 2006).
*See Rhinehart,* slip op. at 5.

We granted appellee's discretionary-review petition to review the court of appeals's decision. The grounds upon which we granted review are:

1. The court of appeals erred in failing to address the "waiver" issue.

2. The court of appeals erred in re-framing the issue and failing to address the true issue at hand, namely: whether the *Criminal District Court* had the authority to set aside the transfer order.

3. The [court of appeals] erred in implicitly ruling that the trial court lacked *158 the authority to set aside the transfer order.

(Emphasis in original).

Appellee asserts that the criminal district court "set aside the transfer order because the State failed to proceed in the juvenile court with due diligence before Rhinehart's eighteenth birthday" and that the "issue in this case is whether the [criminal district] court had the judicial authority to set aside a transfer order." And, in support of his second ground for review, appellee argues, "Some of the confusion in this case apparently has resulted from the fact that

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Rhinehart mislabeled the motion as being a 'Motion to Quash Indictment.' The motion was, in fact, a motion challenging the validity of the transfer order. A review of the contents of the motion itself and the arguments made during the pre-trial hearing clearly established that fact."

Though the record does reflect that the basis of appellee's "MOTION TO QUASH INDICTMENT" was the validity of the juvenile court's transfer order, we must disagree with appellee that the effect of the criminal district court granting this motion to quash was to set aside the transfer order. Appellee's motion requested that the indictment be quashed, not that the transfer order be set aside.[FN6] On the record presented to the court of appeals, the procedural posture of this case was that the juvenile court's transfer order was still in force and that, in granting appellee's "MOTION TO QUASH INDICTMENT," the criminal district court had merely set aside the indictment. *See State v. Eaves,* 800 S.W.2d 220, 221–22 n. 5 (Tex.Cr.App.1990) ("quash" and "set aside" are synonymous).[FN7] We, therefore, disagree with the claim in appellee's second ground for review that the court of appeals re-framed the issue and failed to address the true issue, namely: whether the criminal district court "had the authority to set aside the transfer order." This issue is not presented in this case since the criminal district court did not set aside the juvenile court's transfer order, and the court of appeals would have erred even to address this issue.

> FN6. The relief requested in the prayer in appellee's motion was that "upon hearing and presentation of evidence that the **indictment** in this cause be quashed and held for naught." (Emphasis supplied).

> FN7. Under these circumstances, the State can obtain another indictment against appellee. *See* Article 28.05, TEX.CODE CRIM. PROC. (if a motion to set aside an indictment is sustained, "the defendant shall not therefor be discharged, but may immediately be recommitted by order of the court, upon motion of the State's attorney or without motion; and proceedings may afterward be had against him as if no prosecution had ever been commenced"); Article 28.08, TEX.CODE CRIM. PROC. (if a motion to set aside an indictment is sustained, "but the court refuses to discharge the defendant, then at the expiration of ten days from the order sustaining such motion[ ]," the defendant shall be discharged, "unless in the meanwhile complaint has been made before a magistrate charging him with an offense, or unless another indictment has been presented against him for such offense").

We also understand appellee to argue that a juvenile court's erroneous transfer order does not divest the juvenile court of its exclusive jurisdiction over the case, thus permitting the criminal district court to review the validity of the transfer order to determine whether it has jurisdiction over the case. Appellee argues, "Accordingly, Rhinehart would urge that, without a valid transfer proceeding, the [criminal district] court would not have acquired jurisdiction. Consequently, the validity of the transfer order is and must be subject to judicial review in the [criminal district] court." We do not believe that the criminal\*159 district court's quashing of appellee's indictment, based on the State's lack of "due diligence," is necessarily a determination by the criminal district court that it lacks jurisdiction over the case. In addition, the legislative provision in Article 44.47(b) that a defendant may appeal a juvenile court's transfer order "only in conjunction with the appeal of a conviction ... for which the defendant was transferred to criminal court" is some indication that a juvenile court's erroneous transfer order does not divest the criminal district court of jurisdiction over the case. We do not believe that the issue of whether the criminal district court could set aside the juvenile court's transfer order would be presented in this case unless the criminal district court set aside the transfer order and attempted to remand the case to the juvenile court.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Judge Price's dissenting opinion would decide that "the trial court *necessarily* ruled that the [juvenile court's] transfer order was invalid and that the lack of a valid transfer order deprived it of jurisdiction over the matter." *See* Dissenting op. at 164 (Price, J.) (emphasis in original). This dissenting opinion would then remand the case to the court of appeals to consider, "in the first instance: 1) whether the trial court had the authority to make such an implicit ruling on the validity of the transfer order; and/or, in the event that it should find that the trial court *did* have that authority (or, possibly, as an alternative to deciding *whether* the trial court had that authority), then 2) whether the State procedurally defaulted any complaint about the trial court's authority by failing specifically to question its authority during the proceedings at the motion to quash hearing." *See* Dissenting op. at 166 (Price, J.) (emphasis in original).

There would, however, be no point in doing this unless the Court were also to decide that, in quashing the indictment, the criminal district court also implicitly or necessarily set aside the juvenile court's transfer order. [FN8] The juvenile court and the parties would, thus, have to read at least two implicit or necessarily implied rulings in the criminal district court's order granting appellee's motion to quash to learn that the juvenile court had jurisdiction over the case again.

> FN8. The dissenting opinion states that "our original purpose in granting the appellee's petition for discretionary review was to address the trial court's authority to declare ... the [juvenile court's] transfer order invalid...." *See* Dissenting op. at 165 (Price, J.). However, we granted discretionary review on the related but nevertheless different question of whether the court of appeals "erred in implicitly ruling that the trial court lacked the authority to set aside the transfer order." We have declined to address this question since the criminal district court did not set aside the juvenile

court's transfer order based on its ruling on the due-diligence question.

And, it is not so clear to us that, in granting appellee's motion to quash, the criminal district court implicitly or even necessarily ruled that the juvenile court's ruling on the due-diligence issue deprived the criminal district court "of jurisdiction over the matter." It is not apparent to us that a juvenile court's erroneous ruling on a due-diligence issue deprives the criminal district court "of jurisdiction over the matter." *See, e.g.,* Article 44.47(b) (defendant may appeal a transfer under Section 54.02 of the Family Code "only in conjunction with the appeal of a conviction of ... the offense for which the defendant was transferred to criminal court").

In addition, even if one could read these implicit rulings into the criminal district court's granting of appellee's motion to quash, this motion to quash still requested only that the indictment be quashed. Notwithstanding*160 what the criminal district court may have implicitly decided, appellee's motion to quash may not have been clear and specific enough to put the State on notice that appellee might also have been seeking to set aside the juvenile court's transfer order so that the State would have an opportunity to challenge the criminal district court's authority to do this. The dissenting opinion apparently would leave open the possibility that the State procedurally defaulted this issue on appeal even though appellee's motion to quash may not have been specific enough to put the State on notice that it needed to raise this issue in the criminal district court.

At least in this case, we believe that appellee should have labeled his motion something other than a motion to quash (e.g., a motion to set aside the juvenile court's transfer order) if his intention was, as he claimed on appeal, to challenge the validity of the transfer order. Appellee has even acknowledged in this proceeding that "[s]ome of the confusion in this case apparently has resulted from the fact that Rhinehart mislabeled the motion as be-

ing a 'Motion to Quash Indictment.' " In this particular case, we believe it appropriate to put appellee back in the position that he was in after the juvenile court waived its jurisdiction and transferred his case to the criminal district court and before appellee filed his mislabeled motion to quash that may have confused the other party on exactly what it was that appellee was attempting to accomplish. Appellee's second ground for review is overruled. FN9

> FN9. Our disposition of appellee's second ground for review makes it unnecessary to address appellee's third ground for review, which we dismiss. We express no opinion on the question presented in ground three: whether the court of appeals erred in implicitly deciding that the criminal district court "lacked the authority to set aside the [juvenile court's] transfer order."

[1] This also means that, with the criminal district court having only set aside the indictment, which it clearly had the subject-matter jurisdiction and authority to do, the State, as the losing party in the trial court, failed to preserve the claims that it presented for the first time on appeal in the court of appeals. *Compare Sanchez v. State,* 120 S.W.3d 359, 366–67 (Tex.Cr.App.2003) (right to be charged by an instrument that is free of defects, errors, and omissions is neither a "systemic" requirement nor a "waivable" right, and any error in the charging instrument must be objected to in a timely and specific manner); *Hailey,* 87 S.W.3d at 121–22; *State v. Boado,* 55 S.W.3d 621, 622–24 (Tex.Cr.App.2001) (Johnson, J., dissenting to dismissing discretionary-review petition as improvidently granted) (court of appeals should not have reversed trial court's decision quashing indictment on theory not raised by the State in either the trial court or on appeal). The court of appeals, therefore, erred in not considering and sustaining appellee's waiver argument. *See Kombudo v. State,* 171 S.W.3d 888, 889 (Tex.Cr.App.2005) (TEX.R.APP. P. 47.1 "requires a court of appeals to address an

appellee's reply that the appellant's point was not preserved for review").FN10

> FN10. We also express no opinion on whether the court of appeals correctly decided that the criminal district court erroneously granted appellee's motion to quash the indictment. *See generally State v. Rosenbaum,* 910 S.W.2d 934, 942–48 (opinion of Clinton, J.), *adopted by the Court,* 910 S.W.2d at 948 (opinion on reh'g) (Tex.Cr.App.1995) ("An indictment must be facially tested by itself under the law as a pleading; it can neither be supported nor defeated as such by what evidence is presented at trial.... *A fortiori,* it can not be supported or defeated by evidence presented at pretrial."); *Eaves,* 800 S.W.2d at 221–23.

*161 In arguing that the State, as the losing party in the criminal district court, should be permitted to argue for the first time on appeal that there was no valid basis for the criminal district court to have quashed the indictment, Presiding Judge Keller's dissenting opinion relies on this Court's prior decisions holding that the State can usually raise the issue of a defendant's standing to challenge a search or a seizure on Fourth Amendment grounds for the first time on appeal. *See* Dissenting op. at 163 (Keller, P.J.) (*citing State v. Klima,* 934 S.W.2d 109, 111 (Tex.Cr.App.1996)); *see generally Wilson v. State,* 692 S.W.2d 661, 666–71 (Tex.Cr.App.1984) (op. on reh'g) (discussing when State may raise issue of standing for the first time on appeal).FN11 We do not believe that these cases apply here since there is no question that appellee has standing to quash the indictment in this case. There is no claim in this case that appellee attempted to quash an indictment charging someone else with aggravated robbery. Nor does the dissent point to any case law that equates allowing the State to raise standing for the first time on appeal to allowing the State to ignore ordinary rules for preserving error.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

333 S.W.3d 154
**(Cite as: 333 S.W.3d 154)**

FN11. We disagree with the statement in this dissenting opinion that our majority opinion holds that there was no valid basis for quashing the indictment. *See* Dissenting op. at 163 (Keller, P.J.) (noting that the "Court appears to agree" that the trial court should not have granted appellee's motion to quash because there was nothing to indicate that the indictment was invalid); and at 2 (stating, "In this case, as the Court holds, there was no valid basis for quashing the indictment."). We have expressed no opinion on this issue.

[2][3] In addition, our decisions in *Klima* and *Wilson* primarily relied on the Supreme Court's decision in *Rakas v. Illinois*<sup>FN12</sup> for the proposition that the State can usually raise the issue of a defendant's standing to challenge a search or seizure on Fourth Amendment grounds for the first time on appeal.<sup>FN13</sup> We do note, however, that the prosecution in *Rakas* did raise the standing issue in the trial court which, the Supreme Court stated, "gave petitioners notice that they were put to their proof on any issue as to which they had the burden...." *See Rakas,* 439 U.S. at 132 n. 1, 99 S.Ct. 421.<sup>FN14</sup> *Rakas,* therefore, would not clearly support a decision here that the State should be permitted to argue for the first time on appeal that there was no valid basis for the criminal district court to have quashed the indictment.

FN12. 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1979).

FN13. The rationale for this rule is that standing is an element of the defendant's Fourth Amendment claim and thus the defendant "cannot complain that he is surprised on appeal by final decision (here) of issues upon which (he has) had no opportunity to introduce evidence." *See United States v. Hansen,* 652 F.2d 1374, 1381–82 (10th Cir.1981) (internal quotes omitted). This rule, however, is not absolute. *See Steagald v. United States,* 451 U.S. 204,

209–11, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) (government "through its assertions, concessions, and acquiescence" lost right to challenge defendant's assertion that he possessed legitimate expectation of privacy in the searched home). Our decision on rehearing in *Wilson,* upon which our decision in *Klima* heavily relied, also pointed out that "the prosecution may forfeit review of the [standing] issue through its assertions, concessions, and acquiescence in the course of the litigation." *See Wilson,* 692 S.W.2d at 668 (op. on reh'g) (internal quotes omitted). That arguably happened in this case when the State claimed at the hearing on appellee's motion to quash only that it had used due diligence. *See id.*

FN14. *Compare State v. Terrazas,* 4 S.W.3d 720, 725 (Tex.Cr.App.1999) (prosecution not put to its burden to prove voluntariness unless a defendant presents evidence that raises a voluntariness question).

We also do not agree with the broad assertion in the Presiding Judge's dissenting*162 opinion that "the State need not preserve a complaint if the issue is one which the defendant had the burden to prove in order to obtain relief." In *State v. Steelman,* for example, the State was not permitted to raise for the first time on appeal a claim that a search was valid pursuant to a warrant even though the defendant had the burden on the motion to suppress. *See State v. Steelman,* 93 S.W.3d 102, 107 (Tex.Cr.App.2002) ("At the suppression hearing, the State specifically limited its argument to one theory of law: that there was probable cause to justify a *warrantless* arrest and *warrantless* search. Because the State did not present its other theory (that even if the warrantless arrest was illegal, it did not taint the search pursuant to the warrant) to the trial court, the State cannot rely on that theory on appeal.") (emphasis in original).

This dissenting opinion claims that we misread

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

333 S.W.3d 154
**(Cite as: 333 S.W.3d 154)**

*Steelman* because "it was the State that had the burden to prove the propriety of the *warrantless* police activity in that case." *See* Dissenting op. at 164 (Keller, P.J.) (emphasis supplied). There is no disagreement or misunderstanding as to when the burden shifts on a motion to suppress. The point is that, in *Steelman,* the State was not permitted to raise for the first time on appeal the theory that the search was justified pursuant to a warrant, an issue upon which the defendant had the initial burden of production.<sup>FN15</sup> And the crucial focus is on the losing party's requirement to preserve error for purposes of appeal.

> FN15. *See Steelman,* 93 S.W.3d at 106–07; *see also Ford v. State,* 158 S.W.3d 488, 492 (Tex.Cr.App.2005) ("To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. Once the defendant has made this showing, the burden of proof shifts to the State where it is required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.") (footnotes omitted); *Russell v. State,* 717 S.W.2d 7, 9–10 (Tex.Cr.App.1986) ("When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, this Court has placed the burden of proof initially upon the defendant. As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. Once a defendant has established 1) that a search or seizure occurred and 2) that no warrant was obtained, the burden of proof shifts to

the State. If the State produces evidence of a warrant, the burden of proof is shifted back to the defendant to show the invalidity of the warrant. If the State is unable to produce evidence of a warrant, then it must prove the reasonableness of the search or seizure.") (footnotes and citation to authorities omitted).

To summarize, in this case, we apply ordinary rules of procedural default to decide that the State, as the losing party in the criminal district court, could not raise for the first time on appeal a claim that there was no valid basis for the criminal district court to have quashed the indictment. We decline to apply, in this case, the Fourth Amendment standing rule of *Rakas* which, in any event, does not clearly support the proposition that the State should be permitted to raise this claim for the first time on appeal, particularly since the State chose to litigate only the due-diligence issue in the criminal district court thus, in effect, conceding that this might be a valid basis for quashing the indictment.<sup>FN16</sup> *See* \*163*Steagald,* 451 U.S. at 209–11, 101 S.Ct. 1642. Appellee's first ground for review is sustained.

> FN16. Our decision in this case should not be read to mean that the State could not at a later time claim that any defect in this transfer order is not a valid basis for granting a motion to quash.

We reverse the judgment of the court of appeals and affirm the criminal district court's ruling quashing the indictment.<sup>FN17</sup>

> FN17. If the State chooses, it may reindict.

KELLER, P.J., filed a dissenting opinion.
PRICE, J., filed a dissenting opinion in which WOMACK, J., joined.

KELLER, P.J., dissenting.

The court of appeals held that the trial court should not have granted appellee's motion to quash because there was nothing to indicate that the in-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

333 S.W.3d 154
**(Cite as: 333 S.W.3d 154)**

dictment was invalid.[FN1] The Court appears to agree,[FN2] and I do too. The Court nevertheless reverses the court of appeals's judgment on the basis that the State failed to preserve for review its complaint that there was no valid ground for quashing the indictment. It is with this holding that I disagree.

> FN1. *State v. Rhinehart,* No. 05–09–00155–CR, slip op. at 5, 2009 WL 3248270 (Tex.App.-Dallas October 12, 2009) (not designated for publication).

> FN2. Court's op. at 158.

To say that the State failed to preserve its complaint for review, one must first conclude that it needed to preserve the complaint. But the State need not preserve a complaint if the issue is one which the defendant had the burden to prove in order to obtain relief.[FN3] In *State v. Klima,* the trial court granted the defendant's motion to suppress, and the State raised the defendant's standing to contest the search for the first time on appeal.[FN4] We explained:

> FN3. *State v. Klima,* 934 S.W.2d 109, 111 (Tex.Crim.App.1996).

> FN4. *Id.*

In the instant case appellee, by bringing the motion to suppress, bore the burden of establishing all of the elements of her Fourth Amendment claim. Part of that proof included establishing her own privacy interest in the premises searched.

\* \* \*

By raising the issue of standing for the first time on appeal, the State did not raise a new issue. Rather, it challenged the trial court's holding that appellee met her burden of establishing that the government violated her reasonable expectation of privacy.[FN5]

> FN5. *Id.* (citations omitted).

Similarly, a defendant who seeks to quash an indictment has the burden to establish a valid basis for doing so. In this case, there was no valid basis for quashing the indictment. In pointing this out, the State has not raised a new issue; it has merely challenged the trial court's holding that appellee met his burden in the first place.

The Court contends that *Klima* does not apply here for two reasons. First, the Court says that the present case does not involve the issue of standing. I agree, but there was nothing talismanic about the fact that the issue in *Klima* was "standing." The point of *Klima* was that the State did not have to preserve an issue on which the defendant had the burden of proof; "standing" was simply one example of that type of issue.

Second, the Court contends that, under *Steelman,* the State may be required to preserve a complaint about an issue on which the defendant has the burden. I believe that the Court misreads *Steelman.* In *Steelman,* the defendant did not have the burden on the issue in question. The \***164** State did.[FN6] In *Steelman,* the State urged the trial court to analyze the issue as one involving a warrantless arrest and search:

> FN6. *State v. Steelman,* 93 S.W.3d 102, 104–05 (Tex.Crim.App.2002).

COURT: You're proceeding under [the subsequently issued] search warrant here, aren't you?

PROSECUTOR: No, sir, this is a warrantless search.

\* \* \*

COURT: Do you think [based on] the facts of this case they had to get a search warrant?

PROSECUTOR: Your Honor, I haven't thought about it in that light, I'll be honest with the Court. I'm going on the basis that they went inside the

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

333 S.W.3d 154
(Cite as: 333 S.W.3d 154)

residence based upon the probable cause of smelling the marijuana. And I'll be honest, I haven't thought about it in the light that you are.

COURT: That's the way I understand your argument that they didn't even need a search warrant once they're there and smelled the marijuana.[FN7]

FN7. *Id.* at 105.

This Court explained:

[T]he State contended that the evidence should not be suppressed solely because the warrantless arrest and warrantless search were legal. The State, for whatever reason, choose [sic] not to rely upon the search warrant.[FN8]

FN8. *Id.*

Once a defendant has made an initial showing that a search or seizure was without a warrant, the burden of proof shifts to the State.[FN9] Because the Court in *Steelman* analyzed the search and seizure as warrantless, due to the State's own explicit concession, it was the State that had the burden to prove the propriety of the warrantless police activity in that case.[FN10]

FN9. *Ford v. State,* 158 S.W.3d 488, 492 (Tex.Crim.App.2005).

FN10. Or to show attenuation of the taint.

Because I would affirm the judgment of the court of appeals, I respectfully dissent.

PRICE, J., dissenting in which WOMACK, J., joined.

It is true that, nominally, the only order that the trial court issued in this cause was the order granting the appellee's motion to quash the indictment. But the only argument that the appellee made in his motion to quash to justify setting aside the indictment was that the Family Code provisions for transferring the exclusive jurisdiction over a juvenile of-

fender from juvenile court to an adult trial court had not been met. The appellee articulated no other basis for quashing the indictment either in his motion to quash or during the brief hearing that was held on that motion. The trial court could only have predicated its ruling on this claim. Indeed, although it is not made explicit in the trial court's boilerplate order granting the motion to quash, the trial court *necessarily* ruled that the transfer order was invalid and that the lack of a valid transfer order deprived it of jurisdiction over the matter.

The court of appeals, and now this Court, however, do not construe the trial court's order granting the motion to quash to entail any ruling whatsoever with regard to the validity of the juvenile court's transfer order—it was, in the view of both courts, simply and exclusively a ruling on the facial validity of the indictment. The court of appeals went on to hold that, because there is no statutory basis for setting aside an indictment based upon the *165 invalidity of a transfer order, and the appellee asserted no *other* ground for setting aside the indictment, the trial court erred to quash it.[FN1] The court of appeals declined to reach the question whether the trial court had *authority* to second-guess the validity of the transfer order because the trial court did not expressly purport to set aside the transfer order itself.[FN2] The Court today takes the same tack, refusing even to comment on the trial court's authority to rule, if only implicitly, on the validity of the juvenile court's transfer order.[FN3]

FN1. *See State v. Rhinehart,* No. 05–09–00155–CR, 2009 WL 3248270 (Tex.App.-Dallas, delivered October 12, 2009) (not designated for publication), at *2 ("Here, the motion to quash does not assert any of the statutory grounds for setting aside an indictment, nor does it challenge the indictment based on form or substance.").

FN2. *See id.,* at *3 ("[W]e need not decide the issue here. Appellee's motion did not seek to set aside the transfer order; it

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

sought to quash the indictment.").

FN3. The Court says it "do[es] not believe that the criminal district court's quashing appellee's indictment based on the State's lack of 'due diligence' is necessarily a determination by the criminal district court that it lacks jurisdiction over the case." Majority op., at 158–59. But the Court suggests no other plausible basis for the trial court's order, and I can think of none. The Court also asserts that the question of the trial court's authority to grant a motion to quash based upon the validity, *vel non,* of the juvenile court's transfer order would not become an issue "unless the criminal district court set aside the transfer order *and attempted to remand the case to the juvenile court." Id.* (emphasis supplied). But the fact that the trial court did not attempt to remand the case to juvenile court does not mean that it could not have believed that it lacked jurisdiction because of an invalid transfer order. The trial court might have believed that it was powerless to remand the case to the juvenile court, notwithstanding an invalid transfer order, in light of Section 54.02(i) of the Family Code, which provides that "the criminal court may not remand the child to the jurisdiction of the juvenile court." TEX. FAM.CODE § 54.02(i).

Still, though it may not have been authorized to remand the appellee to the jurisdiction of the juvenile court, the trial court had the authority to determine its *own* jurisdiction by way of a motion to set aside the indictment—essentially, a motion to quash. *See State v. Eaves,* 800 S.W.2d 220, 222 & n. 6 (Tex.Crim.App.1990) (bases for motion to set aside indictment not necessarily limited to grounds explicitly enumerated in Article 27.03 of Code of Criminal Procedure; this Court has historically recognized constitutional bases, "independent of statutory grounds," including "jeopardy and want of jurisdiction"; and, since Article 27.03 was amended in the 1965 Code of Criminal Procedure, it now embraces these formerly "independent" grounds, by authorizing pre-trial motion to set aside indictment on "any other grounds authorized by law"); *State v. Rosenbaum,* 910 S.W.2d 934, 944–45 (Tex.Crim.App.1994) (Clinton, J., dissenting), adopted as majority opinion on State's motion for rehearing, *id.* at 948 (same). Given the particular motion to quash in this record, the trial court could only have doubted its own *jurisdiction* based upon the appellee's challenge to the juvenile court's transfer order, and granting the motion to quash can reasonably be construed on this record only as a ruling on the validity of that transfer order. The trial court may have erred (if in no other respect) by hearing *evidence* to resolve the appellee's motion to quash. *See State v. Rosenbaum, supra,* at 946 (even constitutional challenge to indictment that implicates trial court's jurisdiction must be determined from the face of the indictment and not by extrinsic evidence). But it remains evident to me that the trial court actually granted the appellee's motion to quash the indictment—rightly or wrongly—because of a fatal flaw it perceived in the juvenile court's transfer order.

And yet, it was my impression that our original purpose in granting the appellee's petition for discretionary review was to address the trial court's authority to declare (implicitly, but necessarily, given the state of the record) the transfer order invalid—or, more accurately, to remand the cause to the court of appeals for that court to address this

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

333 S.W.3d 154
(Cite as: 333 S.W.3d 154)

question in the first *166 instance, since it did not do so on original submission. Now, instead of remanding the cause, the Court decides the merits of a different question altogether—one that the court of appeals has *also* yet to address—namely, whether the State may have procedurally defaulted any argument on appeal that the trial court lacked authority to invalidate the transfer order. I am unsure why the Court feels compelled to follow this course, since the court of appeals rendered no "decision" on the procedural default issue, and there is, therefore, none for us to examine in our discretionary review capacity.[FN4]

> FN4. *See, e.g., Stringer v. State,* 241 S.W.3d 52, 59 (Tex.Crim.App.2007) (State's alternative argument in the court of appeals that the appellant procedurally defaulted his Confrontation Clause claim was never resolved by the court of appeals and therefore "not ripe" for our consideration on discretionary review, since in that capacity "we review 'decisions' of the courts of appeals"; the court of appeals could consider the procedural default argument in the first instance, however, on remand).

It is clear enough to me on this record that the trial court's ruling on the appellee's motion to quash necessarily amounted to a ruling on the validity of the juvenile court's transfer order, and I would simply hold that the court of appeals erred to the extent that it concluded otherwise. I would then remand the cause to the court of appeals for further consideration. I would direct that court to consider, in the first instance: 1) whether the trial court had the authority to make such an implicit ruling on the validity of the transfer order; and/or, in the event that it should find that the trial court *did* have that authority (or, possibly, as an alternative to deciding *whether* the trial court had that authority), then 2) whether the State procedurally defaulted any complaint about the trial court's authority by failing specifically to question its authority during the proceedings at the motion to quash hearing. We should refrain from any opinion of our own with respect to either of these issues unless and until we have the benefit of an opinion from the court of appeals that has decided them in the first instance.

Because the Court declines to follow this course, I respectfully dissent.

Tex.Crim.App.,2011.
State v. Rhinehart
333 S.W.3d 154

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.